**George Edward TATUM, Appellant,**

v.

**The STATE Of Texas.**

**No. 2–94–400–CR.**

Court of Appeals of Texas,
Fort Worth.

April 11, 1996.

Rehearing Overruled May 9, 1996.

David L. Richards, Fort Worth, Allan K. Butcher, Law Offices of Allan K. Butcher, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Assistant Criminal District Attorney, Lisa Mullen and Anne Box, Assis-

---

1. *See* Tex.Penal Code Ann. §§ 22.02(a), 22.01(a)(2)    (Vernon 1994).

tant Criminal District Attorneys, Fort Worth, for Appellee.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION

DAY, Justice.

Appellant George Edward Tatum was indicted for the aggravated sexual assault of his daughter and indecency with a child. Appellant pled guilty to the indecency charge and not guilty to the aggravated sexual assault. A jury found appellant guilty of both offenses and assessed punishment at 65 years' confinement for the aggravated sexual assault and 20 years' confinement for indecency with a child. On appeal, appellant argues that the trial court erred during the punishment phase of the trial by allowing the State to introduce privileged communications made by appellant during counseling. Also, appellant asserts that the trial court erred by failing to provide a limiting instruction concerning extraneous offenses introduced by the State at the punishment phase of the trial. Because we hold that the communications made by appellant during counseling were not privileged, and because the extraneous offenses were admitted not only to impeach appellant's credibility but also to rebut appellant's evidence of his suitability for probation, we affirm the judgment of the court below.

## THE LIMITING INSTRUCTION CLAIM

Appellant submitted an application for probation. During the guilt/innocence phase of the trial, appellant testified that he had voluntarily sought professional counseling for his attraction to children sometime after October 1992. He testified that he took tests to determine sexual deviance and that he never knew the results because, after three or four sessions, it was too expensive to continue.

During the punishment phase, appellant called several witnesses, including his father, close friends, and the victim's maternal grandparents. Each witness testified that the sexual assault was out of character for the appellant, that his only problem was alco-

hol consumption, and that he has the reputation of being a law-abiding citizen. This testimony clearly concerned appellant's suitability for probation. Appellant's own testimony during the punishment phase was that alcohol was the catalyst of his problem and everything else will fall into place if he only "put[s] that beer down." Additionally, appellant testified that he has a normal sex drive, that he does not have an attraction to children, and that he does not need sex offender treatment. This testimony, likewise, concerns appellant's suitability for probation.

The State informed the court that it intended to offer testimony from the sex-offender counselor concerning statements made by appellant during the counseling sessions. The court held a hearing outside the presence of the jury regarding admissibility. During this hearing, the State argued that the testimony was admissible to impeach appellant's credibility since appellant had denied any sexual deviancy. The State also argued admissibility on the basis that the counselor's testimony would directly rebut appellant's testimony concerning his suitability for probation.

The trial court allowed the State to further cross-examine appellant, at which time appellant reiterated his belief that his sex drive is normal and denied any deviant sexual tendencies. Appellant also answered "no" to the State's questions of whether he had ever molested his sister or raped his mother. The State then called the counselor, who testified that appellant's test results indicated problems with pedophilia and voyeurism. The therapist also testified that appellant's test results indicated that he is highly obsessed with sex and appears to be compulsively driven to act out his fantasies. Additionally, the therapist testified that during the counseling sessions, which were group sessions, appellant stated that he had molested and had sex with his sister over one hundred times from the time she was in fourth grade until high school, and that he had sex with his mother twenty-five times while she was drunk and incoherent. Finally, the counselor testified that, according to test assessments conducted by someone else, appellant does have an alcohol problem, but that she did not

prescribe a course of treatment for that although appellant was transferred to another group that may have been for the alcohol problem.

In points of error one and two, appellant asserts that the trial court erred in failing to provide a limiting instruction concerning the extraneous offenses introduced by the counselor's testimony and, alternatively, that it was ineffective assistance of counsel for appellant's trial counsel not to object to the court's failure to provide such a limiting instruction.

■ Appellant did not object to the failure of the court to include a limiting instruction, nor did he request the court include such an instruction. It is clear that any error by the court failing to include a limiting instruction on the consideration of extraneous offenses is waived when no objection is made. *Williams v. State,* 508 S.W.2d 83, 86 (Tex.Crim.App. 1974); *Wilson v. State,* 730 S.W.2d 438, 441 (Tex.App.—Fort Worth 1987, pet. ref'd). Accordingly, appellant has presented no error. Point of error one is overruled.

Appellant argues that his trial counsel's failure to object to the court not including a limiting instruction constituted ineffective assistance of counsel.

■ We recognize that the mere filing of an application for probation does not authorize the State to present evidence of specific acts of misconduct on the part of the accused. *Griffin v. State,* 787 S.W.2d 63, 67 (Tex.Crim.App.1990). Appellant, however, tendered evidence of his suitability for probation, as well as indicated an unwillingness to admit evidence of specific conduct that would inform the jury regarding the substantive issue whether to recommend probation. As such, appellant created a contested issue, suitability for probation, and opened the door for the State to admit relevant extraneous offenses rebutting his suitability for probation. *See id; King v. State,* 773 S.W.2d 302, 303 (Tex.Crim.App.1989); *Anderson v. State,* 896 S.W.2d 578, 579 (Tex.App.—Fort Worth 1995, pet. ref'd); *McMinn v. State,* 640 S.W.2d 86, 90 (Tex.App.—Fort Worth 1982, pet. ref'd). We hold, therefore, that the testimony of the counselor not only impeached

the credibility of appellant but also rebutted the substantive issue of appellant's suitability for probation. As such, a limiting instruction would not have been proper, and it was not unreasonable for appellant's trial counsel not to object to the court's failure to give a limiting instruction.

■ *Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex.Crim.App.1980), has set the standard by which we examine trial counsel's effectiveness during the punishment phase of the trial in a noncapital case. *See also Black v. State,* 816 S.W.2d 350, 356 (Tex.Crim.App.1991); *Ex parte Felton,* 815 S.W.2d 733, 735 (Tex. Crim.App.1991); *Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim.App.1987). We must examine first whether counsel was reasonably likely to render effective assistance and, secondly, whether counsel reasonably rendered effective assistance. *Ex parte Langley,* 833 S.W.2d 141, 143 (Tex.Crim.App.1992). Because it is reasonable for counsel not to object to an unobjectionable charge from the court, we answer both questions in the affirmative. Point of error two is overruled.

## THE PRIVILEGED COMMUNICATION CLAIM

■ In points of error two and three, appellant argues that the counselor's testimony concerning the statements made by appellant during the counseling session were inadmissible as privileged communications and, alternatively, it was ineffective assistance of counsel for appellant's trial counsel not to assert appellant's privilege under Rule of Criminal Evidence 510.

At trial, appellant did not object to the therapist's testimony on the basis of possible privilege. As a result, appellant has failed to preserve any possible error in the trial court's admission of the testimony. *Briddle v. State,* 742 S.W.2d 379, 391 (Tex.Crim.App. 1987), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). Point of error three is overruled.

■ Appellant claims that his counsel's failure to object to the counselor's testimony by invoking his privilege constituted ineffective assistance of counsel. Criminal Evidence Rule 510 provides:

A communication to any person involved in the treatment or examination of alcohol or drug abuse by a person being treated voluntarily or being examined for admission to treatment for alcohol or drug abuse is not admissible.

TEX.R.CRIM.EVID. 510.

The plain language of the rule covers only situations involving alcohol or drug abuse. For Rule 510 to apply in a criminal proceeding, there must be a privileged communication. First, the rule requires that the communication be made "by a person being treated voluntarily or being examined for admission to treatment *for alcohol or drug abuse." Id.* (emphasis added). Second, the communication may be directed to "any person involved in the treatment or examination *of alcohol or drug abuse." Id.* (emphasis added). The record in this case clearly indicates that, irrespective of his assertion that beer is the root of his problems, appellant sought counseling as a sex offender and not for alcohol or drug abuse. The tests that appellant took were tests to determine sexual deviance. The therapist testified that she is a therapist for sex offenders and that she had neither conducted any testing for alcohol problems nor prescribed a course of treatment for any alcohol problem. Additionally, the therapist could not attest as to why appellant had been transferred to another group. We hold that, at the time appellant made the statements regarding molesting his sister and raping his mother, he was being treated and examined for sexual deviancy and not for alcohol or drug abuse. Accordingly, the exclusion of evidence provided by Rule 510 does not apply to the statements appellant made during this sex-offender counseling.

As mentioned above, to evaluate counsel's performance, we must examine first whether counsel was reasonably likely to render effective assistance and, secondly, whether counsel reasonably rendered effective assistance. *Ex parte Langley,* 833 S.W.2d 141, 143 (Tex. Crim.App.1992). Because it is reasonable for counsel not to attempt to invoke a privilege that is inapplicable, we answer both ques-tions in the affirmative. Point of error four is overruled.

The judgment of the trial court is affirmed.