NO. 07-00-0550-CR


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL E


FEBRUARY 10, 2003


______________________________



MORRIS W. HOLDER, APPELLANT


V.


THE STATE OF TEXAS, APPELLEE



_________________________________


FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;


NO. 99-429403; HONORABLE JOHN P. FORBIS, JUDGE

 __________________________________



Before JOHNSON, C.J., QUINN, J., and BOYD, S.J. (1)


OPINION


 Appellant was charged by indictment for the murder of Lester Young occurring on
November 22, 1998. A jury found appellant guilty and sentenced him to ten years
confinement in the Texas Department of Criminal Justice, Institutional Division. In three
issues, appellant challenges the sufficiency of the evidence supporting the jury's rejection
of his defensive theory of self-defense, the effectiveness of his trial counsel, and the
adequacy of the jury charge. Overruling his issues, we affirm. 

Factual Background On November 18, 1998, appellant attended the funeral of his step-mother, Jean
Holder. Also in attendance at the funeral were his step-sister Delinda Young and her
estranged husband Lester Young (Young), the victim in this case. Over the course of the
next several days, appellant and Young encountered each other several times. During
these encounters, Young made several threats to kill appellant. One of these encounters
resulted in both Young and appellant being arrested, and during their incarceration Young
was captured on videotape threatening to kill appellant. 

 On November 22, 1998 at approximately 11:00 p.m., appellant entered the Chatman
Hill Club, along with two of his brothers. Appellant carried a gun with him into the club. 
After approximately half an hour, Young also entered the club. While in the club, Young
told appellant that he would see him outside. Appellant testified that he kept an eye on
Young's movements. At one point, it appeared that Young was attempting to exit the club
when he was called over to a table by another club patron. While Young was standing at
the table, appellant approached Young and shot him four times. Young died almost
immediately.


SELF-DEFENSE

 By his first issue, appellant claims that the evidence was sufficient to prove
appellant's claim of self-defense, and that the State failed to disprove appellant's claim
beyond a reasonable doubt.

 Self-defense is a justification excluding criminal responsibility and as such is a
defense. Tex. Pen. Code Ann. §§ 9.02, 2.03(a) (Vernon 1994) (2); Luck v. State, 588 S.W.2d
371, 375 (Tex.Crim.App. 1979); Kizart v. State, 811 S.W.2d 137, 139 (Tex.App.--Dallas
1991, no pet.). A jury implicitly rejects the defense by finding the defendant guilty. 
Adelman v. State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992).

 When a defensive issue is raised, and the State has the burden of proof to negate
the defense, see Penal Code § 2.03, then legally sufficient evidence supporting a
conviction exists if, after viewing all the evidence in the light most favorable to the
prosecution, a rational trier of fact could have found the essential elements for the offense
beyond a reasonable doubt, and also could have found against the appellant on the
defensive issue beyond a reasonable doubt. Adelman, 828 S.W.2d at 421.

 When presented with a factual sufficiency challenge, we review all the record
evidence which is probative of self-defense to decide if the finding of guilt and finding
against self-defense are so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Vasquez v. State, 2 S.W.3d 355, 359 (Tex.App.--San Antonio
1999, pet. ref'd); Reaves v. State, 970 S.W.2d 111,116 (Tex.App.--Dallas 1998, no pet.).

 We begin our review with an examination of the evidence supporting the jury's
implied rejection of appellant's self-defense theory. Viewing the evidence in the light most
favorable to the verdict, we find the evidence legally sufficient for a rational trier of fact to
reject appellant's theory of self-defense. The uncontroverted evidence established that
Young was unarmed when appellant shot him. Moreover, there was also evidence that
appellant shot Young first in his back. Therefore, the jury could have rationally concluded
that appellant shot an unarmed man in the back and killed him. Such evidence is legally
sufficient for a rational trier of fact to both convict appellant of murder and to reject his self-defense theory. See, e.g., Saxton v. State, 804 S.W.2d 910, 914 (Tex.Crim.App. 1991).

 We now consider whether the evidence is factually sufficient to support the jury's
verdict. This includes both evidence that supports appellant's theory of self-defense and
evidence that supports the jury's implied rejection of that defense. Montemayor v. State,
55 S.W.3d 78, 85 (Tex.App.--Austin 2001, no pet.). In that regard, there is no evidence
that appellant's use of deadly force was immediately necessary to prevent Young from
unlawfully using or attempting to use deadly force against appellant or to prevent the
imminent commission of any of the offenses enumerated in Penal Code § 9.32(a). After
neutral consideration of all the evidence, and giving proper deference to the jury's verdict,
we conclude that the evidence, including the evidence supporting the jury's implied
rejection of appellant's claim of self-defense, is factually sufficient to support the jury's
verdict. See, e.g., id. Appellant's first issue is overruled.

INEFFECTIVE ASSISTANCE OF COUNSEL

 By his second issue, appellant asserts he was denied effective assistance of
counsel (3) in that defense counsel failed to (1) obtain and introduce into evidence copies of
the victim's prior convictions for assault, (2) introduce into evidence a videotape which
showed the victim attempting to assault appellant and making threats to kill appellant, (3)
obtain the testimony of the victim's wife, and (4) object to an improper Allen charge. (4)

 When presenting a claim of ineffective assistance for review, the defendant must
overcome the presumption that, under the circumstances, the challenged action "might be
considered sound trial strategy." Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App.
1994). Any allegation of ineffective assistance of counsel must be firmly supported in the
record. McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996).

 In regard to appellant's first three allegations of ineffective assistance of counsel,
we note that the trial court record does not contain copies of the victim's alleged assault
convictions, a copy of the videotape that appellant alleges his trial counsel should have
introduced as evidence, or a record of what the testimony of the victim's wife would have
been had she been called as a witness by appellant's trial counsel. Therefore, we cannot
say that these allegations are firmly supported in the record. Id. Without the necessary
support in the record, we cannot merely presume that the victim's convictions, the
videotape, and the testimony of the victim's wife would have been admissible. To the
contrary, in the absence of evidence indicating otherwise, the law requires us to do the
opposite - to presume that trial counsel's actions constituted sound trial strategy. Jackson,
877 S.W.2d at 771. Therefore, the record is insufficient to demonstrate that appellant's
trial counsel was deficient in the instances complained of by appellant.

 Appellant also maintains that he was denied effective assistance of counsel when
his trial counsel failed to object to an Allen charge given to the jury by the trial court during
the punishment stage of appellant's trial. After deliberating on punishment for
approximately two hours, the jury sent out a note which read: "If the jury is unable to agree
unanimously, how is the punishment decided?" Without objection, the court sent the jury
the following charge:

 If this jury finds itself unable to arrive at a unanimous verdict, it will be
necessary for the court to declare a mistrial and discharge the jury. The
indictment will still be pending, and it is reasonable to assume that the case
will be tried again before another jury at some future time. Any such future
jury will be empaneled in the same way this jury has been empaneled and
will likely hear the same evidence which has been presented to this jury. The
questions to be determined by that jury will be the same questions
confronting you, and there is no reason to hope the next jury will find these
questions any easier to decide than you have found them.


 With this additional instruction, you are requested to continue
deliberations in an effort to arrive at a verdict that is acceptable to all
members of the jury, if you can do so without doing violence to your
conscience. Don't do violence to your conscience, but continue deliberating.


 Appellant contends that the trial court erred in issuing this supplemental charge
when the jury had not indicated that it was deadlocked or requested additional instructions. 
Appellant argues that defense counsel's failure to object to the supplemental instruction
deprived appellant of a fair and impartial punishment hearing by forcing jurors who were
in favor of sentencing appellant to probation to compromise with those jurors who favored
incarceration. 

 Assuming, arguendo, that trial counsel was deficient for failing to object to the
premature issuance of the Allen charge, (5) appellant has not demonstrated a reasonable
probability that, but for counsel's conduct about which complaint is made, the outcome of
appellant's trial would have been different. We are unable to conclude that there exists
a reasonable probability that the outcome of appellant's trial would have been different had
appellant's trial counsel objected to the court's premature issuance of the Allen charge. 
See Strickland, 466 U.S. at 694.

 Appellant's second issue is overruled.


JURY INSTRUCTIONS

 By his third issue, appellant argues that the trial court erred (1) in failing to sua
sponte include a limiting instruction regarding evidence of extraneous offenses in the jury
charge, and (2) in including a parole instruction which asserted that appellant "may earn
time off the period of incarceration imposed through the award of good conduct time,"
when the offense for which appellant was convicted rendered him ineligible for release on
mandatory supervision or for earlier parole eligibility based on accumulation of good
conduct credit. We review the arguments in the order presented by appellant.

 Appellant concedes that he neither requested that the trial court include a limiting
instruction in the charge nor objected to the omission of such an instruction. Appellant
acknowledges that Tex. R. Evid. 105(a) (6) bars an appellant from appealing the trial court's
action in admitting evidence of extraneous offenses without limitation in the absence of a
request for a limiting instruction; however, appellant argues that Rule 105(a) is in conflict
with the Court of Criminal Appeal's reasoning in Huizar v. State, 12 S.W.3d 479
(Tex.Crim.App. 2000) and Tex. Code Crim. P. Ann. art. 36.14, and urges us to hold that
the omission of a limiting instruction is an issue that may be raised for the first time on
appeal.

 Rule 105(a) bars an appellant from challenging on appeal the trial court's decision
to admit evidence of extraneous offenses without limitation unless the appellant requested
a limiting instruction from the trial court. Rodriguez v. State, 974 S.W.2d 364, 370
(Tex.App.--Amarillo 1998, pet. ref'd). However, regardless of Rule 105(a), a failure to
object to the omission of a limiting instruction waives the complaint. Tatum v. State, 919
S.W.2d 910, 912 (Tex.App.--Fort Worth 1996, no pet.); Wilson v. State, 730 S.W.2d 438,
441 (Tex.App.--Fort Worth 1987, pet. ref'd). As appellant concedes that he neither
requested a limiting instruction nor objected to the omission of such an instruction,
appellant's complaint is waived regardless of the application of Rule 105(a). 

 Appellant further argues that the failure to request a limiting instruction constituted
ineffective assistance of counsel. However, appellant does not cite any authorities
supporting his argument, or develop the argument beyond the bare assertion that
appellant's counsel was ineffective for failing to request a limiting instruction. Without
substantive argument or supporting authorities, an issue cannot be adequately evaluated,
and will be overruled. Lagrone v. State, 942 S.W.2d 602, 614 (Tex.Crim.App. 1997).

 Finally, appellant asserts that the court included an erroneous parole instruction in
the jury charge. Appellant asserts that the parole instruction which was given was incorrect
because the instruction asserts that appellant "may earn time off the period of incarceration
imposed through the award of good conduct time." Because appellant was convicted of
murder, he is ineligible for release on mandatory supervision or for earlier parole eligibility
based on accumulation of good conduct credit. Tex. Gov't Code Ann. §§ 508.145(d);
508.149(a) (Vernon Supp. 2003). Appellant asserts that the instruction violates due
process and is unconstitutional in toto.

 Subsequent to the submission of appellant's brief, the Court of Criminal Appeals
decided the case of Luquis v. State, 72 S.W.3d 355 (Tex.Crim.App. 2002). Luquis is
dispositive in regards to appellant's argument concerning the parole instruction. The
instruction given was correct and is not unconstitutional. Id. at 363-68. 

 Appellant's third issue is overruled.

CONCLUSION

 Appellant's issues are hereby overruled. The judgment of the trial court is affirmed.


 

 Phil Johnson

 Chief Justice

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 
2. Further references to the Texas Penal Code shall be by reference to "Penal Code
§__."
3. Appellant does not specify whether his claim of ineffective counsel is brought under
the federal or Texas constitution. In fact, his brief makes no distinction whatsoever. 
Attorneys should carefully separate federal and state issues, and the Court may overrule
a ground as multifarious if appellant fails to provide sufficient distinction. Cedano v. State,
24 S.W.3d 406, 412 n.1 (Tex.App.--Houston [1st Dist.] 2000, no pet.). Assuming,
arguendo, that appellant is asserting that his counsel was ineffective according to the
standards set by both constitutions, appellant has not separately briefed any state
constitutional arguments, nor has he argued that the Texas Constitution provides more
protection to him in this matter than does the U.S. Constitution. Thus, to the extent
appellant's argument may reasonably be construed as having a state constitutional
component, we need not address any state constitutional claims separately. See Muniz
v. State, 851 S.W.2d 238, 251 (Tex.Crim.App. 1993); Johnson v. State, 853 S.W.2d 527,
533 (Tex.Crim.App. 1992).
4. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
5. But see Loving v. State, 947 S.W.2d 615, 619-20 (Tex.App.--Austin 1997, no pet.);
Love v. State, 909 S.W.2d 930, 936-37 (Tex.App.--El Paso 1995, no pet.) (holding that the
trial court does not err by issuing an Allen charge before the jury informs the court that it
is deadlocked).
6. Further references to a Texas Rule of Evidence shall be by reference to "Rule ___."