NO. 07-00-0550-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 10, 2003

_____

MORRIS W. HOLDER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-429403; HONORABLE JOHN P. FORBIS, JUDGE
_____

Before JOHNSON, C.J., QUINN, J., and BOYD, S.J.[1]

OPINION

Appellant was charged by indictment for the murder of Lester Young occurring on November 22, 1998. A jury found appellant guilty and sentenced him to ten years confinement in the Texas Department of Criminal Justice, Institutional Division. In three issues, appellant challenges the sufficiency of the evidence supporting the jury's rejection

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

of his defensive theory of self-defense, the effectiveness of his trial counsel, and the adequacy of the jury charge. Overruling his issues, we affirm.

## Factual Background

On November 18, 1998, appellant attended the funeral of his step-mother, Jean Holder. Also in attendance at the funeral were his step-sister Delinda Young and her estranged husband Lester Young (Young), the victim in this case. Over the course of the next several days, appellant and Young encountered each other several times. During these encounters, Young made several threats to kill appellant. One of these encounters resulted in both Young and appellant being arrested, and during their incarceration Young was captured on videotape threatening to kill appellant.

On November 22, 1998 at approximately 11:00 p.m., appellant entered the Chatman Hill Club, along with two of his brothers. Appellant carried a gun with him into the club. After approximately half an hour, Young also entered the club. While in the club, Young told appellant that he would see him outside. Appellant testified that he kept an eye on Young's movements. At one point, it appeared that Young was attempting to exit the club when he was called over to a table by another club patron. While Young was standing at the table, appellant approached Young and shot him four times. Young died almost immediately.

2

SELF-DEFENSE

By his first issue, appellant claims that the evidence was sufficient to prove appellant's claim of self-defense, and that the State failed to disprove appellant's claim beyond a reasonable doubt.

Self-defense is a justification excluding criminal responsibility and as such is a defense. TEX. PEN. CODE ANN. §§ 9.02, 2.03(a) (Vernon 1994)[2]; Luck v. State, 588 S.W.2d 371, 375 (Tex.Crim.App. 1979); Kizart v. State, 811 S.W.2d 137, 139 (Tex.App.--Dallas 1991, no pet.). A jury implicitly rejects the defense by finding the defendant guilty. Adelman v. State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992).

When a defensive issue is raised, and the State has the burden of proof to negate the defense, see Penal Code § 2.03, then legally sufficient evidence supporting a conviction exists if, after viewing all the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements for the offense beyond a reasonable doubt, and also could have found against the appellant on the defensive issue beyond a reasonable doubt. Adelman, 828 S.W.2d at 421.

When presented with a factual sufficiency challenge, we review all the record evidence which is probative of self-defense to decide if the finding of guilt and finding against self-defense are so contrary to the overwhelming weight of the evidence as to be

---

[2]Further references to the Texas Penal Code shall be by reference to "Penal Code §__."

3

clearly wrong and unjust. Vasquez v. State, 2 S.W.3d 355, 359 (Tex.App.--San Antonio 1999, pet. ref'd); Reaves v. State, 970 S.W.2d 111,116 (Tex.App.--Dallas 1998, no pet.).

We begin our review with an examination of the evidence supporting the jury's implied rejection of appellant's self-defense theory. Viewing the evidence in the light most favorable to the verdict, we find the evidence legally sufficient for a rational trier of fact to reject appellant's theory of self-defense. The uncontroverted evidence established that Young was unarmed when appellant shot him. Moreover, there was also evidence that appellant shot Young first in his back. Therefore, the jury could have rationally concluded that appellant shot an unarmed man in the back and killed him. Such evidence is legally sufficient for a rational trier of fact to both convict appellant of murder and to reject his self-defense theory. See, e.g., Saxton v. State, 804 S.W.2d 910, 914 (Tex.Crim.App. 1991).

We now consider whether the evidence is factually sufficient to support the jury's verdict. This includes both evidence that supports appellant's theory of self-defense and evidence that supports the jury's implied rejection of that defense. Montemayor v. State, 55 S.W.3d 78, 85 (Tex.App.--Austin 2001, no pet.). In that regard, there is no evidence that appellant's use of deadly force was immediately necessary to prevent Young from unlawfully using or attempting to use deadly force against appellant or to prevent the imminent commission of any of the offenses enumerated in Penal Code § 9.32(a). After neutral consideration of all the evidence, and giving proper deference to the jury's verdict, we conclude that the evidence, including the evidence supporting the jury's implied rejection of appellant's claim of self-defense, is factually sufficient to support the jury's verdict. See, e.g., id. Appellant's first issue is overruled.

4

INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, appellant asserts he was denied effective assistance of counsel[3] in that defense counsel failed to (1) obtain and introduce into evidence copies of the victim's prior convictions for assault, (2) introduce into evidence a videotape which showed the victim attempting to assault appellant and making threats to kill appellant, (3) obtain the testimony of the victim's wife, and (4) object to an improper Allen charge.[4]

When presenting a claim of ineffective assistance for review, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Any allegation of ineffective assistance of counsel must be firmly supported in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996).

In regard to appellant's first three allegations of ineffective assistance of counsel, we note that the trial court record does not contain copies of the victim's alleged assault

---

[3]Appellant does not specify whether his claim of ineffective counsel is brought under the federal or Texas constitution. In fact, his brief makes no distinction whatsoever. Attorneys should carefully separate federal and state issues, and the Court may overrule a ground as multifarious if appellant fails to provide sufficient distinction. Cedano v. State, 24 S.W.3d 406, 412 n.1 (Tex.App.--Houston [1st Dist.] 2000, no pet.). Assuming, *arguendo*, that appellant is asserting that his counsel was ineffective according to the standards set by both constitutions, appellant has not separately briefed any state constitutional arguments, nor has he argued that the Texas Constitution provides more protection to him in this matter than does the U.S. Constitution. Thus, to the extent appellant's argument may reasonably be construed as having a state constitutional component, we need not address any state constitutional claims separately. See Muniz v. State, 851 S.W.2d 238, 251 (Tex.Crim.App. 1993); Johnson v. State, 853 S.W.2d 527, 533 (Tex.Crim.App. 1992).

[4]Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

convictions, a copy of the videotape that appellant alleges his trial counsel should have introduced as evidence, or a record of what the testimony of the victim's wife would have been had she been called as a witness by appellant's trial counsel. Therefore, we cannot say that these allegations are firmly supported in the record. Id. Without the necessary support in the record, we cannot merely presume that the victim's convictions, the videotape, and the testimony of the victim's wife would have been admissible. To the contrary, in the absence of evidence indicating otherwise, the law requires us to do the opposite - to presume that trial counsel's actions constituted sound trial strategy. Jackson, 877 S.W.2d at 771. Therefore, the record is insufficient to demonstrate that appellant's trial counsel was deficient in the instances complained of by appellant.

Appellant also maintains that he was denied effective assistance of counsel when his trial counsel failed to object to an Allen charge given to the jury by the trial court during the punishment stage of appellant's trial. After deliberating on punishment for approximately two hours, the jury sent out a note which read: "If the jury is unable to agree unanimously, how is the punishment decided?" Without objection, the court sent the jury the following charge:

> If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the court to declare a mistrial and discharge the jury. The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be empaneled in the same way this jury has been empaneled and will likely hear the same evidence which has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.

6

With this additional instruction, you are requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience. Don't do violence to your conscience, but continue deliberating.

Appellant contends that the trial court erred in issuing this supplemental charge when the jury had not indicated that it was deadlocked or requested additional instructions. Appellant argues that defense counsel's failure to object to the supplemental instruction deprived appellant of a fair and impartial punishment hearing by forcing jurors who were in favor of sentencing appellant to probation to compromise with those jurors who favored incarceration.

Assuming, *arguendo*, that trial counsel was deficient for failing to object to the premature issuance of the <u>Allen</u> charge,[5] appellant has not demonstrated a reasonable probability that, but for counsel's conduct about which complaint is made, the outcome of appellant's trial would have been different. We are unable to conclude that there exists a reasonable probability that the outcome of appellant's trial would have been different had appellant's trial counsel objected to the court's premature issuance of the <u>Allen</u> charge. <u>See</u> <u>Strickland</u>, 466 U.S. at 694.

Appellant's second issue is overruled.

---

[5]<u>But</u> <u>see</u> <u>Loving v. State</u>, 947 S.W.2d 615, 619-20 (Tex.App.--Austin 1997, no pet.); <u>Love v. State</u>, 909 S.W.2d 930, 936-37 (Tex.App.--El Paso 1995, no pet.) (holding that the trial court does not err by issuing an <u>Allen</u> charge before the jury informs the court that it is deadlocked).

JURY INSTRUCTIONS

By his third issue, appellant argues that the trial court erred (1) in failing to *sua sponte* include a limiting instruction regarding evidence of extraneous offenses in the jury charge, and (2) in including a parole instruction which asserted that appellant "may earn time off the period of incarceration imposed through the award of good conduct time," when the offense for which appellant was convicted rendered him ineligible for release on mandatory supervision or for earlier parole eligibility based on accumulation of good conduct credit. We review the arguments in the order presented by appellant.

Appellant concedes that he neither requested that the trial court include a limiting instruction in the charge nor objected to the omission of such an instruction. Appellant acknowledges that TEX. R. EVID. 105(a)[6] bars an appellant from appealing the trial court's action in admitting evidence of extraneous offenses without limitation in the absence of a request for a limiting instruction; however, appellant argues that Rule 105(a) is in conflict with the Court of Criminal Appeal's reasoning in Huizar v. State, 12 S.W.3d 479 (Tex.Crim.App. 2000) and TEX. CODE CRIM. P. ANN. art. 36.14, and urges us to hold that the omission of a limiting instruction is an issue that may be raised for the first time on appeal.

Rule 105(a) bars an appellant from challenging on appeal the trial court's decision to admit evidence of extraneous offenses without limitation unless the appellant requested a limiting instruction from the trial court. Rodriguez v. State, 974 S.W.2d 364, 370

---

[6]Further references to a Texas Rule of Evidence shall be by reference to "Rule ___."

8

(Tex.App.--Amarillo 1998, pet. ref'd). However, regardless of Rule 105(a), a failure to object to the omission of a limiting instruction waives the complaint. Tatum v. State, 919 S.W.2d 910, 912 (Tex.App.--Fort Worth 1996, no pet.); Wilson v. State, 730 S.W.2d 438, 441 (Tex.App.--Fort Worth 1987, pet. ref'd). As appellant concedes that he neither requested a limiting instruction nor objected to the omission of such an instruction, appellant's complaint is waived regardless of the application of Rule 105(a).

Appellant further argues that the failure to request a limiting instruction constituted ineffective assistance of counsel. However, appellant does not cite any authorities supporting his argument, or develop the argument beyond the bare assertion that appellant's counsel was ineffective for failing to request a limiting instruction. Without substantive argument or supporting authorities, an issue cannot be adequately evaluated, and will be overruled. Lagrone v. State, 942 S.W.2d 602, 614 (Tex.Crim.App. 1997).

Finally, appellant asserts that the court included an erroneous parole instruction in the jury charge. Appellant asserts that the parole instruction which was given was incorrect because the instruction asserts that appellant "may earn time off the period of incarceration imposed through the award of good conduct time." Because appellant was convicted of murder, he is ineligible for release on mandatory supervision or for earlier parole eligibility based on accumulation of good conduct credit. TEX. GOV'T CODE ANN. §§ 508.145(d); 508.149(a) (Vernon Supp. 2003). Appellant asserts that the instruction violates due process and is unconstitutional *in toto*.

Subsequent to the submission of appellant's brief, the Court of Criminal Appeals decided the case of <u>Luquis v. State</u>, 72 S.W.3d 355 (Tex.Crim.App. 2002). <u>Luquis</u> is dispositive in regards to appellant's argument concerning the parole instruction. The instruction given was correct and is not unconstitutional. <u>Id</u>. at 363-68.

Appellant's third issue is overruled.

CONCLUSION

Appellant's issues are hereby overruled. The judgment of the trial court is affirmed.


Phil Johnson
Chief Justice

Do not publish.