

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00110-CR

_____

JOSEPH MICHAEL WEEKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 217th District Court
Angelina County, Texas
Trial Court No. CR-30250

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Joseph Michael Weeks appeals the revocation of his community supervision and eighteen-year sentence.[1]  In the underlying case, the State had accused the then nineteen-year-old Weeks of sexual activities with two girls, each of whom was less than seventeen years of age. Pursuant to a plea agreement,[2] Weeks waived his right to indictment by a grand jury and entered a plea of guilty to one second degree felony count of injury to a child and two third degree felony counts of injury to a child.  *See* TEX. PENAL CODE ANN. § 22.04 (West Supp. 2012).  Weeks was duly admonished (both orally and in writing).  The written admonishments include the following handwritten admonishment:  "sex offender terms & conditions as specified in the Community Supervision order."  An order dated July 14, 2011, was entered in accord with the plea agreement wherein Weeks was placed on deferred adjudication community supervision for ten years.

The community supervision order prohibited Weeks from ingesting alcohol, viewing pornography, using the internet to access obscene material, and extremely limiting him from having any contact with any child who was seventeen years of age or younger and prohibiting him from spending the night at any place that such children reside (except for Weeks' sixteen-year-old step-sister).  Five days later, July 19, 2011, the trial court signed an order requiring Weeks to participate in "the Specialized Caseload for Sex Offenders" and "submit to the Abel Assessment, polygraph examinations and/or any other evaluative examinations or assessments as

---

[1]Originally appealed to the Tyler Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).  We are unaware of any conflict between precedent of the Tyler Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

[2]We note the terms of this plea bargain are not contained in the record.  At the beginning of the revocation hearing, the trial court stated, "There was a plea bargain for ten years deferred adjudication and with specific conditions."

2

directed by the supervision officer." The following day, July 20, 2011, the trial court signed an order deleting the exception pertaining to Weeks having contact with his sixteen-year-old step-sister.

On December 15, 2011, the State filed a motion wherein it sought to have Weeks' community supervision revoked and his guilt adjudicated. The State alleged that Weeks had violated the terms of his community supervision by (1) using and possessing alcohol approximately twenty-five times between October 10, 2011, and November 6, 2011, (2) failing to attend counseling on December 12, 2011, (3) associating with felony probationers, (4) viewing pornography "between 3–7 times per week," (5) accessing the internet without first having obtained clearance to do so, (6) having contact with his step-sister, and (7) failing to pay various fees. Weeks entered a plea of "true" to all of the State's allegations, following which, on April 18, 2012, the trial court found Weeks guilty of all three counts of injury to a child and sentenced Weeks to eighteen years' imprisonment for each count. Weeks timely filed a motion for new trial in which he complained for the first time about the July 20, 2011, amendment to the terms of his community supervision.

On appeal, Weeks raises five issues. Weeks asserts that (1) the trial court erred in denying his motion for new trial, (2) he received ineffective assistance of counsel, (3) the trial court erred in having the terms of his community supervision conditions include various ones (including prohibiting him from having contact with his step-sister) usually reserved for those in sex offender status, alleging that the trial court erred in using the violation of those conditions to revoke his community supervision on those conditions, and (4) the eighteen-year sentence imposed by the trial court constitutes Constitutionally-proscribed cruel and unusual punishment.

3

**(1)     Weeks Failed to Preserve Error on His Motion for New Trial Issue**

Weeks' first issue contends that the trial court erred in denying his motion for new trial. We agree with the State's contention that Weeks has failed to preserve any alleged error in regard to this claim because Weeks failed to present the motion to the trial court or otherwise draw the trial court's attention to the motion within the time prescribed.  Rule 21.6 of the Texas Rules of Appellate Procedure provides:

> The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court.

TEX. R. APP. P. 21.6.  Although the record does reflect that Weeks did file his motion for new trial in a timely manner, there is nothing in the record to show that he did anything to draw the trial court's attention to his desire to obtain a ruling on that motion.  Because the record does not show that Weeks presented this motion to the trial court, error has not been preserved for appellate review.  *See* TEX. R. APP. P. 21.6, 33.1; *see also Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd).

We overrule Weeks' first issue.

**(2)     Claims of Ineffective Assistance of Counsel**

Weeks contends, in his second issue, that his trial counsel rendered ineffective assistance of counsel in quite a number of respects, to-wit:  (1) by failing to confer with him, (2) by failing to transmit Weeks' plea bargain offers made by the State, (3) by failing to properly investigate the case against Weeks, (4) by permitting Weeks to plead "true" to some of the allegations,

4

(5) by not bringing a challenge to the validity of the sex-offender requirements and other amended conditions of community supervision, (6) by failing to object to the introduction of statements made by Weeks during a polygraph examination, (7) by failing to object to statements made by Weeks which he alleged were subject to the physician-patient privilege, and (8) by not objecting to evidence that Weeks viewed pornography on the basis that the evidence was more prejudicial than probative.[3]

The standard of testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on this claim, an appellant must prove by a preponderance of the evidence (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. *Id.* at 688; *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). "An ineffective-assistance claim may be brought for the first time on appeal." *Cannon v. State*, 252 S.W.3d 342, 347 n.6 (Tex. Crim. App. 2008).

To meet this burden, the appellant must prove that the attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006); *Tong v. State*, 25 S.W.3d 707, 712

---

[3]We note that the State argues that this point of error is multifarious. This Court has repeatedly cautioned litigants against combining multiple issues into a single point of error, thereby risking our overruling the composite point of error as multifarious. *See, e.g.*, *Dickey v. State*, 189 S.W.3d 339, 341 (Tex. App.—Texarkana 2006, no pet.); *Newby v. State*, 169 S.W.3d 413, 414 (Tex. App.—Texarkana 2005, pet. ref'd); *Harris v. State*, 133 S.W.3d 760, 764 n.3 (Tex. App.—Texarkana 2004, pet. ref'd); *Parra v. State*, 935 S.W.2d 862, 875 (Tex. App.—Texarkana 1996, pet. ref'd). In this case, although Weeks' discussion of this point is lengthy, all of the discussion centers upon a single issue: the alleged ineffective assistance of counsel. We note that ineffective assistance claims can be based on the cumulative effect of multiple errors. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). Further, an issue is not multifarious because it is lengthy or complicated. Although unnecessary length or complexity can sometimes make an issue annoying, it does not necessarily make it multifarious. Weeks' second issue is not multifarious.

(Tex. Crim. App. 2000). The burden is on the claimant to show that counsel's lack of effective representation so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686. The ineffectiveness of counsel is a matter that must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Smith v. State*, 51 S.W.3d 806, 813 (Tex. App.—Texarkana 2001, no pet.). Trial counsel's effectiveness is assessed from the perspective at trial, "without the distorting effects of hindsight." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

"If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002). The Texas Court of Criminal Appeals has instructed, "[T]he presumption that trial counsel's performance was reasonably based in sound trial strategy, coupled with the absence of any supporting evidence in the record of unreasonableness, compels a reviewing court to consider ways in which trial counsel's actions were within the bounds of professional norms." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). Thus, we must include an analysis of the ways in which specific acts or omissions on the part of trial counsel might conceivably be deemed to be within the bounds of professional norms in our opinion. *Bryant v. State*, 282 S.W.3d 156, 168 (Tex. App.—Texarkana 2009, pet. ref'd).

**A.** **The Record Does Not Support a Finding of Deficient Performance for Failing to Confer with Weeks, for Not Relaying any Plea Bargain Offers, or for Not Investigating the Case**

Weeks first argues his counsel's performance was deficient because he failed to sufficiently communicate with Weeks, failed to investigate the facts of the case, and failed to inform Weeks about any plea bargain offers which had been made. The only support for these allegations in the record is Weeks' affidavit attached to his motion for new trial.

We initially note that post-judgment motions are not self-proving, and "any allegations made in support of them by way of affidavit or otherwise must be offered into evidence at a hearing." *Rouse v. State*, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009). Although the affidavit can be introduced as evidence at the hearing, the State must be afforded "an opportunity to respond to these allegations before a conviction is reversed on their basis." *Id*. Further, "[t]he trial court is free to disbelieve an affidavit, especially one unsupported by live testimony." *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). Other than Weeks' affidavit (which stood alone, unsupported by live testimony), there is no evidence that Weeks' trial counsel failed to investigate the case, failed to sufficiently communicate with his client, or failed to inform Weeks of plea bargain offers.

Even if Weeks' affidavit is accepted as completely true, the record before us neither demonstrates that there were actually any plea bargain offers made by the State that existed which remained uncommunicated nor that the allegations of failure to communicate or any alleged failure to investigate resulted in any harm to Weeks. Counsel cannot be ineffective for failing to inform Weeks about nonexistent plea bargain offers. The record contains no support for the conclusion that any lack of communication between lawyer and client prejudiced Weeks.

7

Weeks alleges in the affidavit that he "would have had many witnesses to talk about my family, education, schools attended, family life . . . ."[4] As we have repeatedly stated before, an asserted claim of ineffective assistance based on trial counsel's failure to call a witness cannot succeed absent a showing that the particular witness alleged was (a) available to testify and (b) that the witness' testimony would have benefitted the defense. *See Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007) (per curiam); *Barnett v. State*, 344 S.W.3d 6, 14 (Tex. App.—Texarkana 2011, pet. ref'd). A general allegation that witnesses existed is insufficient. The record does not support Weeks' claim of deficient performance.

**B.      Impact of Weighing Actions of Trial Counsel by Considering Existence of Strategy**

Weeks argues his counsel was ineffective by permitting him to plead "true" and argues that "[a] lack of advocacy results in a breakdown in the adversarial system." The State responds that the decision to plead "true" may have been reasonable strategy designed to mitigate punishment. In the absence of direct evidence of counsel's reasons for the challenged conduct, we will assume a strategic motivation if any reasonable strategy can be imagined. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We note the trial court has discretion to continue or modify the terms and conditions of community supervision in lieu of revocation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 11(a), 22(a) (West Supp. 2012).

As discussed below, Weeks argues that the sex-offender community supervision conditions and the amendments to the terms of his community supervision that occurred without notice and a hearing are invalid and cannot support revocation. Weeks cites *Ex parte Evans*, 338

---

[4]We note the record reflects that Weeks was able to maintain steady employment and graduated from high school with "a GPA over 4.0."

S.W.3d 545 (Tex. Crim. App. 2011), in support of this argument. *Evans* held that the Texas Department of Criminal Justice Correctional Institutions Division violated due process by imposing sex-offender conditions, including registration, on inmates released on parole who were not serving sentences for sex crimes. *Id.* at 551. The extent *Evans* is applicable to the facts of this case is not clear. It is not necessary, however, for us to determine whether due process is violated when sex-offender community supervision conditions, not including registration, are imposed by a trial court on a defendant who has not been convicted of a sex crime. As an unsettled issue of law, trial counsel's decision not to challenge these conditions could have been a strategic choice. Weeks has failed to demonstrate deficient performance for not objecting to the conditions of community supervision. Along the same vein, Weeks has not shown that his trial counsel's decision to plead "true" was prompted by anything other than strategic consideration.

Weeks makes several generic complaints about trial counsel's failure to object to prejudicial evidence. Specifically, Weeks contends that the evidence he viewed pornography and consumed alcohol was introduced without objection by Weeks' counsel, notwithstanding their highly prejudicial nature. Out of an abundance of caution, we will treat these complaints as arguing that counsel was ineffective for failing to object, under Rule 403, that the probative value was substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Weeks' trial counsel may have concluded the chance of the trial court concluding that unfair prejudice outweighed the probative value was small and the better strategy was not to object. The determination regarding Weeks' fate was being made by a judge, not by a jury; one should remember many good attorneys consider that a judge is less likely to be swayed by matters

9

involving mostly prejudicial matters than a jury would be. When the record does not contain direct evidence of an attorney's thought processes and conclusions, appellate courts must "assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Because the failure to object could have been based on trial strategy, we must presume counsel's performance was adequate.

When, as in this case, there is no proper evidentiary record developed at a post-conviction hearing, it is extremely difficult to show trial counsel's performance was deficient. *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999).

The right to effective assistance of counsel does not mean counsel's performance must be errorless. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). The record does not support a conclusion that Weeks' trial counsel's performance was outside the bounds of professional norms. Weeks has failed to establish his trial counsel rendered deficient performance—and has certainly not established the result of the trial would have been different.

**C. Because the Admissions Made by Weeks During the Polygraph Examination Were Admissible, the Record Supports no Finding of Deficient Performance in Failing to Challenge Their Introduction**

Weeks argues that the results of polygraph examinations are not admissible unless the results are part of an expert's opinion. The State correctly argues in response that although the results of a polygraph test (i.e., the conclusions drawn from such a test) are inadmissible, any admissions made by the person being tested during such an examination are generally admissible. *See Harty v. State*, 229 S.W.3d 849, 851 n.2 (Tex. App.—Texarkana 2007, pet.

10

ref'd). "The failure to object to admissible evidence is not ineffective assistance." *Burruss v. State*, 20 S.W.3d 179, 188 (Tex. App.—Texarkana 2000, pet. ref'd).

**D.** **The Record Does Not Support a Finding of Deficient Performance Because the Physician-Patient Privilege Did Not Apply**

Weeks argues his trial counsel rendered ineffective assistance by failing to object to the admission of statements he made to various mental health professionals and to the reports those mental health professionals made to the trial court. Weeks argues these statements and reports should have been privileged under the physician-patient privilege. *See* TEX. R. EVID. 509. As noted by the State, the physician-patient privilege has a very limited scope in criminal proceedings, applying only to "a communication to any person involved in the treatment or examination of alcohol or drug abuse by a person being treated voluntarily or being examined for admission to treatment for alcohol or drug abuse . . . ." TEX. R. EVID. 509.

Weeks argues that because the statements concerned alcohol abuse, they were subject to privilege even though they were given to his sex counselor during court-ordered treatment. The record does not support this position. Neither of the statements was given by Weeks during the "voluntary" treatment required by Rule 509 because Weeks was undergoing court-ordered counseling, not voluntary counseling. *See id*. Further, the primary purpose of the counseling was not centered on treatment for abuse of alcohol by Weeks but, rather, to address Weeks' sexual problems. *See Tatum v. State*, 919 S.W.2d 910, 913 (Tex. App.—Fort Worth 1996, no pet.) (alcohol or drug abuse statements made during counseling as sex offender not privileged).

The statements and reports about which Weeks complains are not privileged under the physician-patient privilege, and Weeks' trial counsel's failure to object on the ground of an

incorrect legal theory did not constitute ineffective assistance. We find no merit in Weeks' claim of ineffective assistance of counsel.

**(3)    Any Claim of Error Concerning an Invalid Community Supervision Condition Has Not Been Preserved**

In his third issue, Weeks complains of the imposition of sex-offender community supervision conditions (prohibiting Weeks from having contact with his own step-sister and otherwise amending the conditions of community supervision) by the trial court without notice or a hearing. Weeks argues that the trial court "treated Weeks as if he were a sex offender which allows specific conditions under Article 42.12 § 9A and 13B." Under these conditions as imposed, Weeks was required to submit to polygraph examinations and the admissions made during one of these examinations were used to revoke Weeks' community supervision. Citing *Evans*, 338 S.W.3d 545, Weeks argues his due process rights were violated because the trial court was obligated to give him notice and a hearing when it (1) amended the conditions to place Weeks on the Specialized Caseload for Sex Offenders and (2) amended the conditions to prohibit Weeks from having contact with his step-sister.[5]

We first note that these complaints were not presented to the trial court except in a motion for new trial—a motion which we previously noted had been filed, but for which there is no evidence that it was presented to or called to the attention of the trial court. Although a motion for new trial can preserve error for appellate review if presented to the trial court for a

---

[5]We note the record contains a third amendment signed on September 22, 2011, which orders Weeks to serve ten days' imprisonment with work release. Weeks does not complain about a lack of notice and hearing for the September 22, 2011, amendment.

12

ruling,[6] Weeks merely filed his motion without ever presenting it to the trial court for a ruling. *See* TEX. R. APP. P. 21.6, 33.1. Thus, we must determine whether error has been preserved for appellate review before addressing the merits of Weeks' complaints.

The State cites *Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999), in support of its argument that error is not preserved. In *Speth*, the Texas Court of Criminal Appeals held that a defendant cannot complain about a condition of community supervision for the first time on appeal. *Id*. at 535. A trial court has broad discretion in determining the conditions of the supervision and "may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (West Supp. 2012). The Texas Court of Criminal Appeals reasoned:

> An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. Therefore, conditions not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract. A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable. A trial objection allows the trial court the opportunity to either risk abusing his discretion by imposing the condition over objection or reconsider the desirability of the contract without the objectionable condition.

*Speth*, 6 S.W.3d at 534–35 (footnotes omitted).

The Texas Court of Criminal Appeals, though, has recently clarified *Speth* and recognized that procedural default does not occur if the right is a systemic or absolute right and neither estoppel by contract nor estoppel by judgment applies. *Gutierrez v. State*, 380 S.W.3d

---

[6]*Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006).

167, 177 (Tex. Crim. App. 2012). In *Gutierrez*, the trial court ordered voluntary deportation as a condition of community supervision. *Id.* The Texas Court of Criminal Appeals held that voluntary deportation was a condition that "the criminal justice system simply finds intolerable." *Id.* at 176. We do not believe that the conditions at issue in this case rise to the same level of intolerance.

In *Marin v. State*, the Texas Court of Criminal Appeals held that "our system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *modified on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (Except for structural errors, "no error . . . is categorically immune to a harmless error analysis."). "All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong[,]" including "[m]any constitutional rights."[7] Absolute requirements and prohibitions include jurisdictional issues and the Separation of

---

[7]*Marin*, 851 S.W.2d at 279; *see State v. Moore*, 225 S.W.3d 556, 569–70 (Tex. Crim. App. 2007) (State forfeited prohibition against late-filed amendments to motions for new trial by failing to object); *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (admissibility of evidence, even if constitutional rights are implicated, is forfeitable right).

Powers Section of the Texas Constitution.[8]  Examples of rights that are waivable-only include the rights to the assistance of counsel and to trial by jury.[9]

None of Weeks' complaints are jurisdictional in nature or ones which infringe on the separation of powers doctrine.  In *Gutierrez*, the offensive condition of probation (deportation) was preempted by federal law under the Supremacy Clause and violated "an explicit and unqualified state constitutional prohibition" against banishment as punishment for a crime. *Gutierrez*, 380 S.W.3d at 176–77; *see* TEX. CONST. art. I, § 20.  The court harmonized *Hernandez v. State*, 613 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op. 1980) (op. on reh'g), with *Speth*, 6 S.W.3d at 534, by concluding conditions of probation (i.e., community supervision) "so antithetical to the aims of the justice system as a whole as to be intolerable" are "not subject to agreement by the parties."  *Gutierrez*, 380 S.W.3d at 176.  Although noting conditions of community supervision are generally regarded as contracts, the Texas Court of Criminal Appeals recognized that there are absolute rights that are not subject to procedural default even as conditions of community supervision. *Id.*

We do not believe the alleged violations about which Weeks complains are intolerable to the justice system.  It is uncontested that Weeks committed sexual assault of a child.  Although Weeks received a lenient plea agreement which permitted him to enter a plea to a crime that was

---

[8]*Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002), *modified sub silencio by Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute"); *see Gutierrez v. State*, 380 S.W.3d 167, 177 (Tex. Crim. App. 2012) ("a condition of community supervision that effectively operates to deport a probationer violates an absolute prohibition and is therefore not subject to ordinary principles of waiver or procedural default."); *Menefee v. State*, No. 12-07-00001-CR, 2010 Tex. App. LEXIS 6665 (Tex. App.—Tyler Aug. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding Article 1.15 is absolute right).

[9]*Saldano*, 70 S.W.3d at 888; *cf. Phillips v. State*, 362 S.W.3d 606 (Tex. Crim. App. 2011) (ex post facto violation not forfeitable right).

not classified as a sex crime, our justice system can tolerate a contract, under such circumstances, which requires conditions normally applicable only to sex offenders. We note the written admonishments signed by Weeks included the following handwritten admonishment: "sex offender terms & conditions as specified in the Community Supervision order." We do not believe that a prohibition against having contact with his underage step-sister is an intolerable condition which is not subject to procedural default. Finally, Weeks complains that due process was violated when the trial court added additional conditions, without notice and hearing, approximately a week after placing him on community supervision. Although the constitutional right to due process is an important right, it is a right that can be procedurally defaulted. *Hull v. State*, 67 S.W.3d 215, 216–18 & n.2 (Tex. Crim. App. 2002) (recognizing procedural default of argument that "'zero tolerance' probation is a violation of due process"). We conclude that none of Weeks' complaints concern nonwaivable absolute rights.

Even if the conditions about which Weeks complained are systemic absolute rights, we conclude that the doctrine of estoppel by judgment bars Weeks' complaints. In *Gutierrez*, the Texas Court of Criminal Appeals reaffirmed that the estoppel recognized in *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007), can "trump even *Marin*'s category of non-forfeitable/non-waivable absolute requirements or prohibitions." *Gutierrez*, 380 S.W.3d at 177; *see Saldano*, 70 S.W.3d at 888 & n.69 (concluding estoppel can override absolute rights). The doctrine of estoppel by judgment provides, "One who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its burdensome consequences." *Rhodes*, 240 S.W.3d at 891 (quoting 31 C.J.S. *Estoppel & Waiver* § 130). Unlike *Gutierrez*, there is no evidence that Weeks

16

acted under financial duress. The record, rather, supports a conclusion that Weeks voluntarily accepted the benefits of the trial court's judgment and lodged no complaint until after his community supervision had been revoked. Even if the rights which he complains were violated are absolute, the estoppel by judgment doctrine would prevent Weeks from raising these issues.[10]

The limited exception recognized in *Gutierrez* does not apply here; therefore, Weeks' failure to timely object in the trial court resulted in a procedural default. Any error has not been preserved for appellate review.

**(4)     The Trial Court Did Not Abuse Its Discretion in Revoking**

In his fourth issue, Weeks argues that the trial court abused its discretion in revoking his community supervision. Weeks concedes that he pled "true" to all the State's allegations, but Weeks argues that most of the violations were those involving invalid sex-offender conditions. Weeks argues that the consumption of alcohol violations were only discovered because of the invalid sex-offender conditions.[11]    In his final argument, Weeks argues that the remaining conditions were too minor to support revocation alone, particularly when one considers the above-mentioned due process violations. We review the trial court's decision on revocation for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

As argued by the State, a trial court does not abuse its discretion to revoke a defendant's community supervision if the State presents sufficient evidence that the defendant violated at

---

[10]We note that the doctrine of estoppel by contract might apply. Since the terms of the plea agreement entered into when Weeks pled guilty to the offenses are not contained in the appellate record, we leave this issue for another day.

[11]We note Lisa Paige, a supervision officer for Angelina County Adult Probation, testified she observed, during a field visit, Weeks at the residence of two felony probationers. Empty alcohol containers were present, but Weeks passed an "ETG test." During a subsequent polygraph examination, Weeks admitted to twenty-five counts of alcohol use and admitted to drinking the night he was discovered by Paige at the home of two felony probationers.

17

least one term of the community supervision agreement[12] as alleged in the State's motion to revoke. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (West Supp. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.). As discussed above, any complaint concerning the conditions of community supervision has not been preserved for appellate review. Weeks entered a plea of "true" to all of the State's allegations regarding violations. With a few limited exceptions not applicable here,[13] a plea of "true" is sufficient, standing alone, to support the revocation of community supervision. *See, e.g.*, *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Duncan v. State*, 321 S.W.3d 53, 58 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). In addition, while he was testifying at the revocation hearing, Weeks admitted the truth of most of the State's allegations and discussed the circumstances of the violations.

We determine that the trial court did not abuse its discretion in revoking Weeks' community supervision.

---

[12]If the State's sole allegation is the failure to pay fees, we note that imprisonment is not permitted unless the State establishes an ability to pay the fees. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2012); *cf. Bearden v. Georgia*, 461 U.S. 660, 672–73 (1983) (recognizing imprisonment due to poverty can be equal protection violation and requiring trial court to inquire into ability to pay). This case, though, contains many violations in addition to a failure to pay fees. Further, the record contains sufficient evidence for the trial court to conclude Weeks had the ability to pay his community supervision fees. Although Weeks argues an inability to pay in his brief, the record does not support that allegation. Weeks, while testifying that money was a "problem," provided the subsequent clarification at the revocation hearing: "The only reason why I didn't keep up my probation fees is, quite honestly, because I just lost track of time. I forgot -- I really did not know that I was getting behind. I really just did not know that I was getting that far behind on probation fees."

[13]*See Rusk v. State*, No. 06-12-00099-CR (Tex. App.—Texarkana Feb. 12, 2013, no pet. h.) (noting failure to prove inability to pay is exception to *Cole* line of cases).

18

**(5)** **Although the Trial Court Erred in Exceeding the Statutory Range on Counts II and III, the Eighteen-Year Sentence for Count I Was Not Cruel and Unusual Punishment**

In his remaining issue, Weeks argues that his sentence of eighteen years' confinement constitutes cruel and unusual punishment. The State responds that Weeks failed to preserve error, that the sentence for Count I was within the statutory range, and that the sentence for Count I is not grossly disproportionate. The State, however, concedes that the sentences for Counts II and III exceed the statutory maximum and, thus, are illegal sentences.

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and, therefore, illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). The trial court's judgment erroneously characterizes all three offenses as second degree felonies. As noted by the State, Counts II and III (which allege intentionally or knowingly causing bodily injury) were third degree felonies and not second degree felonies. *See* TEX. PENAL CODE ANN. § 22.04. The punishment range for a third degree felony is "not more than 10 years or less than 2 years." *See* TEX. PENAL CODE ANN. § 12.34 (West 2011). Thus, Weeks' eighteen-year sentences for Counts II and III lie outside the maximum punishment range for the crimes of which he was convicted and are illegal sentences. Although Weeks has not complained at trial or on appeal about Counts II and III being illegal sentences, the Texas Court of Criminal Appeals has held that a court with jurisdiction over a criminal case has inherent authority to notice and correct an illegal sentence. *See Mizell*, 119 S.W.3d at 807. An "illegal sentence" cannot be waived and can be challenged at any time. *Ex parte Pena*, 71 S.W.3d 336, 339 (Tex. Crim. App. 2002) (per curiam); *see Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012). We modify the trial court's judgments to reflect that Counts II and III are third

degree felonies, vacate the illegal sentences for Count II and Count III, and remand Counts II and III to the trial court for further proceedings. *See* TEX. R. APP. P. 43.2, 43.3.

We now turn to the issue of whether the eighteen-year sentence for Count I[14] violates the Eighth Amendment. Texas courts have traditionally followed the general rule that so long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See*, *e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The punishment range for a second degree felony is "not more than 20 years or less than 2 years." *See* TEX. PENAL CODE ANN. § 12.33 (West 2011). Weeks' sentence for Count I is within the statutory range.

However, that does not end the inquiry. A prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Texas Legislature. U.S. CONST. amend. VIII; *see Solem v. Helm*, 463 U.S. 277, 290 (1983), *modified by Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.) (Eighth Amendment does not require strict proportionality between crime and sentence, only forbids sentences grossly disproportionate to crime); *Contreras v. State*, 369 S.W.3d 689, 690 (Tex. App.—Tyler 2012, no pet.). The prohibition against grossly disproportionate sentences, though, is "applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring)).

The three-part test announced in *Solem* as modified in light of *Harmelin* requires the appellate court to make an initial threshold comparison of the gravity of the offense with the

---

[14]Count I alleges Weeks recklessly caused serious bodily injury and is a second degree felony. *See* TEX. PENAL CODE ANN. § 22.04.

severity of the sentence and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense, consider (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *Contreras*, 369 S.W.3d at 690; *Mullins v. State*, 208 S.W.3d 469, 470–71 (Tex. App.—Texarkana 2006, no pet.).

Although Weeks argued in his motion for new trial that the sentence given him is cruel and unusual, Weeks failed to present his motion for a new trial to the trial court and has not preserved error for appellate review.[15] TEX. R. APP. P. 33.1; *see, e.g., Jackson v. State*, 69 S.W.3d 657, 659 (Tex. App.—Texarkana 2002, no pet.); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Even if error had been preserved, Weeks fails to meet the threshold determination, that the gravity of the offense is grossly disproportionate to the severity of the sentence, and has wholly failed to introduce evidence of sentences for similar crimes. We overrule Weeks' complaint that the eighteen-year sentence for Count I constitutes cruel and unusual punishment.

**Conclusion**

The record does not support a conclusion that Weeks received ineffective assistance of counsel. Weeks has failed to preserve for appellate review any error in denying his motion for new trial, any error concerning his conditions of community supervision, and any violation of the Eighth Amendment's prohibition against cruel and unusual punishment. We affirm the trial court's judgment and sentence of eighteen years' imprisonment for Count I.

---

[15]We note that a motion for new trial, if presented to the trial court, is an appropriate way to preserve this type of claim for review. *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.).

We note the trial court did err in finding that Counts II and III were second degree felonies.  We modify the judgment to provide that Counts II and III were third degree felony counts of injury to a child.  Because the trial court's sentences for the two counts of third degree felony injury to a child were illegal sentences, we set aside the trial court's sentences on Counts II and III and remand this case to the trial court for further proceedings consistent with this opinion.

Bailey C. Moseley
Justice

Date Submitted:     January 10, 2013
Date Decided:       February 14, 2013

Do Not Publish