Gerardo CONTRERAS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 12–11–00037–CR, 12–11–00098–CR.

Court of Appeals of Texas,
Tyler.

May 23, 2012.

Clement Dunn, for Appellant.

Michael J. West, for The State of Texas.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

### *MEMORANDUM OPINION*

BRIAN HOYLE, Justice.

Gerardo Contreras appeals his convictions for third degree felony driving while intoxicated, for which he was sentenced to imprisonment for nine years, and leaving the scene of an accident involving injury, for which he was sentenced to imprisonment for five years. In one issue, Appellant contends that the sentences he received amount to cruel and unusual punishment. We affirm.

### *BACKGROUND*

Appellant was charged by separate indictments with third degree felony driving while intoxicated [1] and leaving the scene of a traffic accident involving injury. Appellant pleaded "guilty" as charged in each cause, and the matter proceeded to a trial on punishment. Ultimately, the trial court found Appellant "guilty" as charged in each cause and sentenced him to imprisonment for nine years for driving while intoxicated and five years for leaving the

1. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp.2011).

scene of a traffic accident involving injury. This appeal followed.

### CRUEL AND UNUSUAL PUNISHMENT

■ In his sole issue, Appellant argues that his sentences amount to cruel and unusual punishment in violation of the United States Constitution. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve error on this issue. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim.App.1995) (forfeiture with regard to rights under the United States Constitution); TEX R.APP. P. 33.1. However, even absent preservation of error, we conclude that the sentences about which Appellant complains did not constitute cruel and unusual punishment.

■ The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex.App.-Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex.App.BTyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex.Crim.App.1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim.App.1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of third degree felony driving while intoxicated, the punishment range for which is two to ten years. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 49.04, 49.09(b)(2) (West 2011 & Supp.2011). Appellant was further convicted of leaving the scene of a traffic accident involving injury, the punishment for which may not exceed imprisonment for five years. *See* TEX. TRANSP. CODE ANN. § 550.021(c)(2)(A) (West 2011). In each instance, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishments are not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to evaluate the proportionality of his sentences. *See Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S.Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex.App.-Texarkana 1999, no pet.).

We must first determine whether Appellant's sentences are grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *Id.*, 445 U.S. at 266, 100 S.Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services

and the other for passing a forged check in the amount of $28.36. *Id.,* 445 U.S. at 266, 100 S.Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.,* 445 U.S. at 285, 100 S.Ct. at 1145.

In the case at hand, the offenses committed by Appellant—third degree felony driving while intoxicated and leaving the scene of a traffic accident involving injury—were each more serious than any of the offenses committed by the appellant in *Rummel,* while neither of Appellant's sentences are as severe as the life sentence upheld by the Supreme Court in *Rummel.* Thus, it follows that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither are the sentences assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test. Appellant's sole issue is overruled.

### *Disposition*

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment in each cause.