# NO. 12-12-00065-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY MARK ROBERTS,* *APPELLANT* | *§* | *APPEAL FROM THE 173RD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Timothy Mark Roberts appeals his conviction for manufacture or delivery of a substance in Penalty Group 1. In two issues, Appellant argues that the evidence is factually insufficient to support the verdict and that the sentence is disproportionate. The State did not file a brief. We affirm.

### BACKGROUND

In January 2011, police officers executed a search warrant at Appellant's home. Appellant was present although he was outside the home. Inside the home, the police found ten grams of methamphetamine under a mattress in the master bedroom. The police also found evidence to suggest that drugs were being sold from the home. Specifically, the police found baggies and a digital scale in the same bedroom.

A Henderson County grand jury indicted Appellant for the offense of simple possession of methamphetamine in an amount of more than four grams but less than two hundred grams and

manufacture or delivery of the same quantity of methamphetamine.[1]   Appellant pleaded not guilty, and a jury trial was held.   The jury found Appellant guilty of the more serious manufacture or delivery charge.   Appellant waived trial by jury on the issue of punishment.   Prior to trial, the State alleged that Appellant had two prior sequential felony convictions.   The trial court found the sentencing allegation to be true and assessed a sentence of imprisonment for fifty years.   This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Appellant argues that the evidence is factually insufficient to show that he possessed the methamphetamines.

**Standard of Review and Applicable Law**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence.   *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion).   Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.   *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007).   Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence.   *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).   Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof.   *See Brooks*, 323 S.W.3d at 899–900.   The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime.   *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge.   *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).   A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of

---

[1] The indictment charged Appellant with possession with intent to deliver methamphetamine.

liability, and adequately describes the particular offense for which the defendant is tried." ***Id.***

As alleged in the indictment on the charge relevant to this appeal, the State's evidence had to show that Appellant possessed a substance in Penalty Group 1 in an amount of more than four grams but less than two hundred grams with the intent to deliver that controlled substance to another. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010). Methamphetamine is listed in Penalty Group 1. *See **id**.* § 481.102(6) (West 2010).

## Analysis

Appellant challenges the sufficiency[2] of the evidence solely on the issue of possession. Specifically, he argues that the "State could not show Appellant in possession of any of the alleged drugs except by the testimony of his wife/co-defendant." Appellant suggests that we should exclude his wife's testimony from our consideration and that what "remains after this evidence is excluded is a verdict against the great weight and preponderance of the evidence."

Appellant's wife, Jessica Roberts, testified at the trial. When the police arrived, Jessica was in the master bedroom sitting on the bed. Another man was in the bedroom with her. She testified that she knew the police were coming because there were monitors in the bedroom that showed a feed from a surveillance camera on the front of the house. Jessica testified that she was not paying attention to the monitor but that Appellant, who was outside when the police arrived, said that the police were there.

Jessica testified that Appellant and the other man were engaged in a drug transaction in the bedroom and that Appellant asked her to come watch the drugs while he went out to his car to retrieve something. Her complicity in the crime makes her an accomplice,[3] but it does not suggest that we

---

[2] Appellant invokes factual sufficiency review of the evidence and cites ***Watson v. State***, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006), for the standard of review. The ***Watson*** decision was based on the court's decision in ***Clewis v. State***, 922 S.W.2d 126 (Tex. Crim. App. 1996). In 2010, the court of criminal appeals overruled the ***Watson*** case and held that the legal sufficiency standard articulated in ***Jackson v. Virginia***, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). Therefore, we will review the evidence under the ***Jackson*** standard. *See*, *e.g.*, ***Harris v. State***, No. 12-10-00388-CR, 2011 Tex. App. LEXIS 9288, at *2-3 (Tex. App.–Tyler Nov. 23, 2011, no pet. ) (mem. op., not designated for publication).

[3] Jessica was charged with the same offense. This makes her an accomplice as a matter of law. *See **Herron v. State***, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002). It is possible to be merely present at the scene of a crime and not be an accomplice. *See **Blake v. State***, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998) ("[O]ne is not an accomplice for knowing about a crime and failing to disclose it, or even concealing it.").

may not consider her testimony when considering the sufficiency of the evidence to support Appellant's conviction.[4]   When we review the sufficiency of the evidence, we are obligated to consider all of the evidence.   *See Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). The jury had to consider Jessica's testimony carefully and critically.   She had not reached a plea agreement with the State, but it is possible that a person in her situation would be motivated to provide the State with helpful testimony or simply to deflect culpability.   Additionally, Jessica wrote a letter shortly after being arrested stating that the drugs belonged to her and that Appellant had "no knowledge of anything."   Jessica disavowed that letter, saying that she was trying to help Appellant. Finally, she tested positive for the use of methamphetamine while she was awaiting trial.

In the end, the jury had to make a credibility determination.   It was clear from the evidence that the bedroom was shared by Appellant.   One of his prescriptions was present in the bedroom as was men's clothing.   The police found marihuana and still more baggies in his Jeep parked outside. Jessica testified that the drugs belonged to him.   The jury's decision to credit that testimony, in light of all of the other evidence, is a conclusion that is allowed by the evidence.   We overrule Appellant's first issue.

### PROPORTIONALITY OF THE SENTENCE

In his second issue, Appellant argues that the sentence of imprisonment for fifty years is cruel and unusual punishment forbidden by the United States Constitution.   Appellant did not raise the issue of cruel and unusual punishment at trial and has, therefore, failed to preserve this issue for appellate review.   *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 152 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd); TEX. R. APP. P. 33.1. Even if Appellant had preserved this issue, he would not prevail because the sentence is not unconstitutionally harsh.

The legislature is vested with the power to define crimes and prescribe penalties.   *See Contreras v. State*, 369 S.W.3d 689, 690 (Tex. App.–Tyler 2012, no pet.); *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd).   Sentences that fall within the limits prescribed by

---

[4] By contrast, we do exclude from consideration the testimony of an accomplice when considering whether the corroboration requirement of Article 38.14, Texas Code of Criminal Procedure has been met.   *See Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007).   The accomplice witness rule is a statutorily imposed sufficiency review, is not derived from federal or state constitutional principles that are the basis for the legal sufficiency standards, and is not raised by Appellant in this appeal.   *See Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).

a valid statute are not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

Appellant was found guilty of a first degree felony offense, and the trial court found that he had two prior sequential felony convictions. Because the State had pleaded the prior convictions as a sentencing enhancement, the range of punishment was from twenty-five to ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012). Accordingly, the punishment assessed by the trial court falls well within the range set forth by the legislature and is not cruel, unusual, or excessive per se.

Appellant acknowledges that his sentence is within the statutory range but asserts that the sentence is nevertheless disproportionate and asks us to review the sentence under the test announced in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under the three-part test set out in *Solem*, we evaluate the proportionality of a sentence by considering the gravity of the offense and the harshness of the penalty, the sentences imposed on others in the same jurisdiction, and the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals, in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316; *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).

Appellant argues that the sentence is disproportionate because he was not in the home when the drugs were found and suggests that the trial court should have considered the range of punishment for a second degree felony. Consideration of the appropriate sentence is a task for the trial court. We review a sentence to ensure that this is not one of the "exceedingly rare" and "extreme" cases where a sentence is grossly disproportionate to the crime. *See Lockyer v. Andrade*, 538 U.S. 63, 72, 123 S. Ct. 1166, 1173, 155 L. Ed. 2d 144 (2003).

Appellant had three prior felony convictions for narcotics offenses, had been to prison twice, and was on parole for possession of a controlled substance on the day he was arrested for this offense. Appellant has not adduced any evidence of the sentence imposed on individuals who have committed

5

similar crimes.   In light of the offense committed and Appellant's criminal history, the fifty year sentence, while weighty, is not grossly disproportionate.   We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**MAY 22, 2013**

**NO. 12-12-00065-CR**

**TIMOTHY MARK ROBERTS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 173rd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No. C-18,475)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*