ACCEPTED
13-15-00208-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/3/2015 12:34:32 PM
CECILE FOY GSANGER
CLERK

## NO. 13-15-00208-CR

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**IN THE COURT OF APPEALS**
**THIRTEENTH DISTRICT**
**CORPUS CHRISTI, TEXAS**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/3/2015 12:34:32 PM
CECILE FOY GSANGER
Clerk

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**VIRGINIA FAYE HOLLOWAY,**
**APPELLANT**

**V.**

**THE STATE OF TEXAS,**
**APPELLEE**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**On Appeal from Cause No. 14-7-9253**
**in the 24th Judicial District Court**
**of Jackson County, Texas**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STATE'S REPLY BRIEF**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ROBERT E. BELL**
**District Attorney**
**State Bar Card No. 02086200**
**Jackson County Courthouse**
**115 West Main Street**
**Edna, Texas  77957**

**JIM VOLLERS**
**State Bar Card No. 20609000**
**2201 Westover Road**
**Austin, Texas  78703**

**ATTORNEYS FOR THE STATE**

i

## IDENTITY OF PARTIES AND COUNSEL

1.    Robert E. Bell
Criminal District Attorney, Jackson County
State Bar Card No. 02086200
Jackson County Courthouse
115 West Main Street
Edna, Texas  77957
Email:  ef_mitchell@yahoo.com

Jim Vollers
Attorney at Law
State Bar Card No. 20609000
2201 Westover Road
Austin, Texas  78703
Email:  jimvollers@att.net
**Attorneys for the State**

2.    Virginia Faye Holloway
**Appellant**

3.    W. A. Bill White
Attorney at Law
State Bar Card No. 00788659
P. O. Box 7422
Victoria, Texas  77903
Email:  lawbill0994@att.net
**Attorney for Appellant**

4.    Honorable Stephen Williams, District Judge
24th Judicial District Court, Jackson County Courthouse
115 West Main Street
Edna, Texas  77957
Email:  kwilliams@cscd.net
**Trial Judge**

# **TABLE OF CONTENTS**

**PAGE**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . .   ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . .   2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

APPELLANT'S ISSUE PRESENTED (RESTATED) . . . . . . . . . . .   3

> APPELLANT'S SENTENCE OF 10 YEARS IN PRISON
> CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . .   3

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . .   4

> PRESERVATION OF ERROR . . . . . . . . . . . . . . . . . . . . .   4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . .   8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . .   9

# INDEX OF AUTHORITIES

**CASES**:                                                              **PAGE**

**Contreras v. State**, 369 S.W.3d 689
    (Tex.App.-Tyler 2012) . . . . . . . . . . . . . . . . . . . . . .    6

**Harmelin v. Michigan**, 501 U.S. 957, 111 S.Ct. 2680,
    115 L.Ed.2d 836 (1991) . . . . . . . . . . . . . . . . . . . . .    5, 6

**Harris v. State**, 656 S.W.2d 481 (Tex.Crim.App. 1983) . .    5

**Harris v. State**, 204 S.W.3d 19
    (Tex.App.-Houston [14th Dist] 2006, pet. ref'd). . . . .    6, 7

**Jordan v. State**, 495 S.W.2d 949 (Tex.Crim.App. 1973). .    5

**Keeter v. State**, 175 S.W.3d 756, 760
    (Tex.Crim.App. 2005) . . . . . . . . . . . . . . . . . . . . . .    4

**McGruder v. Puckett**, 954 F.2d 313, 315-16
    (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

**Mercado v. State**, 718 S.W.2d 291
    (Tex.Crim.App. 1986)(en banc) . . . . . . . . . . . . . . .    5

**Quintana v. State**, 777 S.W. 2d 474, 479
    (Tex.App.-Corpus Christi 1989, pet. ref'd) . . . . . . . .    5

**Rummel v. Estelle**, 445 U.S. 263 . . . . . . . . . . . . . . . . .    6

**Samuel v. State**, 477 S.W.2d 611 (Tex.Crim.App. 1972). .    5

**Simmons v. State**, 944 S.W.2d 11, 14
    (Tex.App.-Tyler 1996, pet. ref'd) . . . . . . . . . . . . . .    6

**Smith v. State**, 721 S.W.2d 844, 855
    (Tex.Crim.App. 1986) . . . . . . . . . . . . . . . . . . . . . .    4

**Solem**, 463 U.S. at 290-91, 103 S.Ct. 3001 (1983) . . . . . .    5, 6

**Solis v. State**, 945 S.W.2d 300, 301
(Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). . . . . .    4

**Sullivan v. State**, 975 S.W.2d 755, 757-58
(Tex.App.-Corpus Christi 1998, no pet.) . . . . . . . . . .    6

**Trevino v. State**, 174 S.W.3d 925 (pet. ref'd) . . . . . . . . .  4, 5, 6

## <u>TEXAS RULES OF APPELLATE PROCEDURE</u>:

Rule 33.1(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

NO. 13-15-00208-CR

IN THE COURT OF APPEALS

THIRTEENTH DISTRICT

CORPUS CHRISTI, TEXAS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

VIRGINIA FAYE HOLLOWAY,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On Appeal from Cause No. 14-7-9253
in the 24th Judicial District Court
of Jackson County, Texas
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

STATE'S REPLY BRIEF

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

**COMES NOW, THE STATE OF TEXAS,** appellee herein, by

and through the Criminal District Attorney of Jackson County, Texas,

and files this, its reply brief in the above-styled cause, requesting

1

that the judgment of the trial court be in all things affirmed, and as grounds therefore would show unto the Court the following:

## STATEMENT OF THE CASE

Appellant was indicted for the offense of felony driving while intoxicated. The indictment also alleged a prior felony conviction for driving while intoxicated making the charge a second degree felony. Appellant waived a jury and entered her plea of guilty to the court without a recommendation. (R. Vol. 2, pp. 4 – 8). Appellant pled true to the enhancement paragraph alleging a prior final felony conviction for the offense of driving while intoxicated. (R. Vol. 2, p. 8). Evidence was presented to the court by both the State and the appellant, and at the conclusion of the evidence, the court found appellant guilty of the offense alleged in the indictment and assessed punishment at ten (10) years in the Texas Department of Criminal Justice. (R. Vol. 3, p. 50).

## STATEMENT OF FACTS

This record reveals that prior to the instant driving while intoxicated offense for which appellant was convicted in this cause she had been convicted of three misdemeanor driving while

2

intoxicated offenses, two felony driving while intoxicated offenses, driving while her license was suspended, assault on a public servant, retaliation, silent abusive calls to 911 and criminal mischief. Additionally, she had been charged with two other misdemeanor driving while intoxicated offenses which were disposed of by consideration when she pled guilty on other offenses. The evidence also indicated that she was an alcoholic; however, attempts to treat her while on probation were unsuccessful.

## APPELLANT'S ISSUE PRESENTED (RESTATED)

**APPELLANT'S SENTENCE OF 10 YEARS IN PRISON CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.**

## SUMMARY OF THE ARGUMENT

Appellant voiced no objection in the trial court on the grounds which she now presents and the issue has been waived. Nothing has been preserved for review. Even if the issue had been preserved for review, the punishment assessed is within the statutory range of punishment set by the legislature and, especially in light of appellant's prior convictions is not excessive for the offense committed and is not cruel and unusual punishment.

3

## ARGUMENT AND AUTHORITIES

## PRESERVATION OF ERROR

This record is clear that appellant made no objection to her sentence to the trial court either at sentencing or at any post-trial motion, nor did she ever lodge an objection, under constitutional or other grounds, to the alleged disparity, cruelty, unusualness or excessiveness of the sentence. It has long been the rule that even constitutional claims can be waived by failure to object. **Smith v. State**, 721 S.W.2d 844, 855 (Tex.Crim.App. 1986). In order to preserve an error for appellate review, the appellant must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. **Tex. R. App. P.**, Rule 33.1(a), "All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." **Keeter v. State**, 175 S.W.3d 756, 760 (Tex.Crim.App. 2005). This Court, in **Trevino v. State**, 174 S.W.3d 925 (pet. ref'd), relying upon **Solis v. State**, 945 S.W.2d 300, 301 (Tex.App.-Houston

4

[1ˢᵗ Dist.] 1997, pet. ref'd), **Quintana v. State**, 777 S.W.2d 474, 479 (Tex.App.-Corpus Christi 1989, pet. ref'd), and **Mercado v. State**, 718 S.W.2d 291 (Tex.Crim.App. 1986)(en banc), concluded that by failing to object to the trial court's sentence below, appellant forfeited his complaint on appeal that his sentence constituted cruel and unusual punishment. In **Trevino**, this Court went on to conclude that even absent forfeiture appellant's punishment which fell within the limits prescribed by valid statute was not excessive, cruel or unusual, citing **Harris v. State**, 656 S.W.2d 481 (Tex.Crim.App. 1983); **Jordan v. State**, 495 S.W.2d 949 (Tex.Crim.App. 1973); and **Samuel v. State**, 477 S.W.2d 611 (Tex.Crim.App. 1972).

In the present appeal, appellant also complains that her sentence of ten years is disproportionate to the crime. In **Trevino** this Court addressed that issue by pointing out:

> "Importantly, as Trevino argues, it has been held that a sentence within the range of punishment may still violate the Eighth Amendment if it is grossly disproportionate to the offense committed. *Solem,* 463 U.S. at 290–91, 103 S.Ct. 3001 (1983). However, the viability and mode of application of proportionate analysis in non-death penalty cases has been questioned since the Supreme Court's decision in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct.

5

2680, 115 L.Ed.2d 836 (1991). *See McGruder v. Puckett,* 954 F.2d 313, 315–16 (5th Cir.1992) (discussing the various opinions issued in *Harmelin,* 501 U.S. at 957, 111 S.Ct. 2680, and their impact on the *Solem* decision). In the present case, even if error had been preserved as to this argument, and assuming for purposes of Trevino's argument the viability of a proportionality review, twenty-five years in prison is not a grossly disproportionate sentence considering the evidence presented as to the offense. We need not consider its application today because the proportionality issue was not preserved and because no evidence as to the last two *Solem* factors was submitted to the trial court. *See Solem,* 463 U.S. at 292, 103 S.Ct. 3001; *Sullivan v. State,* 975 S.W.2d 755, 757–58 (Tex.App.-Corpus Christi 1998, no pet.); *Simmons v. State,* 944 S.W.2d 11, 14 (Tex.App.-Tyler 1996, pet. ref'd)." (**Trevino**, supra, 174 S.W.3d 928, 929)

It appears that the issues involved in **Trevino**, supra, and the instant case are very similar. The only difference being that **Trevino** dealt with a different offense. However, in **Contreras v. State**, 369 S.W.3d 689 (Tex.App.-Tyler 2012), the court found that a nine year sentence for driving while intoxicated was more serious than the sentence in **Rummel v. Estelle**, 445 U.S. 263, but did not constitute cruel and unusual punishment.

Since **Trevino** involved a different type of offense, the State points out that **Harris v. State**, 204 S.W.3d 19 (Tex.App.-Houston [14[h] Dist.] 2006, pet. ref'd) addressed the issue of proportionality

6

and found that a sentence of 25 years for a conviction of an enhanced driving while intoxicated offense was not cruel and unusual punishment. In that cause, the appellant had five prior DWI convictions, two of which were felonies. In addition for two other offenses, the **Harris** court pointed out that under a recidivist statute, a sentence is based not merely on that defendant's most recent offense but also on the propensies he demonstrated over a period of time during which he had been convicted and sentenced for other crimes. That court noted that if the trial court assesses punishment within the statutorily prescribed limits on an individual who has demonstrated a prolonged and pronounced inability to bring his conduct into conformity with the criminal laws of the State of Texas, the punishment is not cruel and unusual.

The **Harris** court holding and comments are applicable to the facts of the instant case.

## **CONCLUSION**

Since the issue raised by appellant in this cause has been waived by a failure to preserve the issue for review, and for the further reason that even if properly presented for review appellant's

punishment is not cruel and unusual in this cause, the judgment of the trial court should be in all things affirmed.

Respectfully submitted,

Robert E. Bell
District Attorney
State Bar Card No. 02086200
Jackson County Courthouse
115 W. Main Street
Edna, Texas  77957


/s/ Jim Vollers
Jim Vollers
State Bar Card No. 20609000
2201 Westover Road
Austin, Texas  78703

**ATTORNEYS FOR THE STATE**


**CERTIFICATE OF SERVICE**

I hereby certify that on this the 3rd day of August, 2015, a true and correct copy of the foregoing was served electronically through the electronic filing manager on the party listed below:

W.A. Bill White, Attorney at Law, P. O. Box 7422, Victoria, Texas 77903, Attorney for Appellant at lawbill0994@att.net.

Robert E. Bell, District Attorney, Jackson County Courthouse, 115 West Main Street, Edna, Texas 77957, Attorney for Appellee, at ef_mitchell@yahoo.com.

Honorable Stephen Williams, District Judge, 24th Judicial District Court, Jackson County Courthouse, 115 West Main Street, Edna, Texas 77957, Trial Judge, at kwilliams@cscd.net.

If the email of the party or attorney to be served was not on file with the electronic filing manager, the pleading was served by email.

/s/ Jim Vollers
Jim Vollers

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 2,749 words (counting all parts of the document).

/s/ Jim Vollers

Jim Vollers
2201 Westover Rd.
Austin, Texas 78703
(512) 478-6846
SBN 20609000
JimVollers@att.net
**COUNSEL OF RECORD**