ACCEPTED
12-15-00077-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/5/2015 11:40:00 PM
CATHY LUSK
CLERK

NUMBER 12-15-00077-CR

IN THE TWELFTH DISTRICT COURT OF APPEALS

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/5/2015 11:40:00 PM
CATHY S. LUSK
Clerk

ROXANNE YVETTE DAVIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 241st District Court of Smith County, Texas

Trial Cause Number 241-1149-14

## STATE'S BRIEF

ORAL ARGUMENT NOT REQUESTED

**D. MATT BINGHAM**

Criminal District Attorney

Smith County, Texas

**AARON REDIKER**

Assistant District Attorney

State Bar of Texas Number 24046692

Smith County Courthouse, 4th Floor

Tyler, Texas 75702

Phone: (903) 590-1720

Fax: (903) 590-1719

Email: arediker@smith-county.com

# Table of Contents

Index of Authorities................................................................................................... 2

Statement of Facts.................................................................................................... 3

Summary of Argument............................................................................................. 4

**I.ISSUES ONE AND TWO:** By not objecting to her sixteen-month sentence for state jail felony theft as cruel and unusual, appellant failed to preserve any alleged error for review. ............................................................................................................................. 5

Standard of Review ................................................................................................... 5

Argument..................................................................................................................... 6

Certificate of Compliance ...................................................................................... 10

Certificate of Service ............................................................................................... 10

INDEX OF AUTHORITIES

## Constitutional Provisions

U.S. CONST. amend. VIII ...................................................................................... 6

U.S. CONST. amend. XIV ...................................................................................... 6


## Federal Cases

*Harmelin v. Michigan*, 501 U.S. 957 (1991) .......................................................... 6

*McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992) ............................................... 6

*Smallwood v. Scott*, 73 F.3d 1343 (5th Cir. 1996) ................................................. 8

*Solem v. Helm*, 463 U.S. 277 (1983) ..................................................................... 5


## Texas Cases

*Buster v. State*, 144 S.W.3d 71 (Tex. App.—Tyler 2004, no pet.) ......................... 7

*Curry v. State*, 910 S.W.2d 490 (Tex. Crim. App. 1995) ....................................... 7

*Davis v. State*, 119 S.W.3d 359 (Tex. App.—Waco 2003, pet. ref'd) .................... 7

*Davis v. State*, 905 S.W.2d 655 (Tex. App.—Texarkana 1995, pet. ref'd) ............ 5

*Jackson v. State*, 989 S.W.2d 842 (Tex. App.—Texarkana 1999, no pet.) ............ 6

*Jacobs v. State*, 80 S.W.3d 631 (Tex. App.—Tyler 2002, no pet.) ..................... 7, 8

*Lackey v. State*, 881 S.W.2d 418 (Tex. App.—Dallas 1994, pet. ref'd) ................. 8

*Simmons v. State*, 944 S.W.2d 11 (Tex. App.—Tyler 1996, pet. ref'd) ........... 5, 6, 8


## Texas Statutes

Tex. Code Crim. Proc. Ann. art. 1.09 .................................................................... 6

Tex. Penal Code Ann. § 12.35 ............................................................................... 7

Tex. Penal Code Ann. § 31.03 ............................................................................... 7


## Texas Rules

Tex. R. App. P. 33.1 .............................................................................................. 7

IN THE TWELFTH DISTRICT COURT OF APPEALS

TYLER, TEXAS

ROXANNE YVETTE DAVIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 241st District Court of Smith County, Texas

Trial Cause Number 241-1149-14

## STATE'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's alleged issues and affirm the judgment of the trial court in the above-captioned cause.

### STATEMENT OF FACTS

Appellant, with her counsel, entered a nonnegotiated plea of guilty to the offense of state jail felony theft as charged in the indictment (I Rep.'s R. at 4, 13;

Clerk's R. at 1).  After accepting appellant's plea of guilty and hearing evidence on the issue of punishment, including testimony regarding her extensive criminal history of more than twenty-three prior convictions[1] (II Rep.'s R. at 38), the trial court sentenced her to confinement for sixteen months in the Texas Department of Criminal Justice—State Jail Division without a fine (*Id.* at 76).  Appellant raised no objection to her sentence at the time of formal pronouncement and did not file a motion for new trial (*Id.* at 76, 79).

## SUMMARY OF ARGUMENT

Appellant forfeited any challenge to her sentence of sixteen months for state jail felony theft as cruel and unusual by failing to raise an objection in the trial court.  Even had appellant preserved the alleged error, her sentence was not grossly disproportionate to the offense she committed, especially in light of her extensive criminal history.

---

[1] During the plea and sentencing hearing, appellant acknowledged that she had eleven prior felony convictions and twelve prior misdemeanor convictions, many of which were for theft offenses (II Rep.'s R. at 38).

I.  ISSUES ONE AND TWO:  By not objecting to her sixteen-month sentence for state jail felony theft as cruel and unusual, appellant failed to preserve any alleged error for review.

STANDARD OF REVIEW

"The legislature is vested with the power to define crimes and prescribe penalties." *Contreras v. State*, 369 S.W.3d 689, 690 (Tex. App.—Tyler 2012, no pet.) (mem. op.) (citing *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd)). "Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual." *Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Under the *Solem* test, "the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions." *Contreras*, 369 S.W.3d at 690 (citing *Solem v. Helm*, 463 U.S. 277, 292 (1983)). "The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115

5

L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements." *Id.* (citing *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.)).

ARGUMENT

In her two alleged issues, appellant argues that her sixteen-month sentence for state jail felony theft constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and article 1.09 of the Texas Code of Criminal Procedure[2] (Appellant's Br. 5). U.S. CONST. amends. VIII, XIV; Tex. Code Crim. Proc. Ann. art. 1.09 (West 2014). However, appellant did not object to her sentence at trial as cruel and unusual or raise the issue in a motion for new trial (II Rep.'s R. at 76, 79). As appellant did not timely object to her sentence as constituting cruel or unusual punishment, she failed to preserve any alleged error for review, and her first and second issues should be

---

[2] As appellant cites no authority requiring this Court to analyze her claims differently under federal or Texas law, they will be addressed together. *Simmons*, 944 S.W.2d at 14.

6

overruled. Tex. R. App. P. 33.1(a); *Contreras*, 369 S.W.3d at 690 (citing *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995)).

Even if appellant had not forfeited her claim, her sixteen-month sentence is not grossly disproportionate to the offense to which she pleaded guilty, stealing a purse valued at less than $ 1,500 where appellant had been previously convicted two or more times of theft, a state jail felony (Clerk's R. at 1). *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 2014). Appellant's sentence of confinement for sixteen months in the Texas Department of Criminal Justice—State Jail Division without a fine was well within the range set for forth by the legislature for a state jail felony, and therefore, "the punishment is not prohibited as cruel, unusual or excessive *per se*." *Jacobs v. State*, 80 S.W.3d 631, 633 (Tex. App.—Tyler 2002, no pet.); Tex. Penal Code Ann. § 12.35(a), (b) (West 2014). "In determining whether a sentence is grossly disproportionate, we consider not only the present offense but also an accused's criminal history." *Buster v. State*, 144 S.W.3d 71, 81 (Tex. App.—Tyler 2004, no pet.) (citing *Davis v. State*, 119 S.W.3d 359, 363 (Tex. App.—Waco 2003, pet. ref'd)). Appellant's punishment assessed falls well within the permissible range, and when

viewed in light of her extensive criminal history of twenty-three prior convictions, is not grossly disproportionate to the offense she committed. *See Smallwood v. Scott*, 73 F.3d 1343, 1348 (5th Cir. 1996) (fifty-year sentence under recidivist statute for stealing $27.64 in meat not grossly disproportionate based on defendant's criminal history); *Lackey v. State*, 881 S.W.2d 418, 420 (Tex. App.—Dallas 1994, pet. ref'd) (sentence of thirty-five years under recidivist statute for shoplifting clothing valued at $145 not cruel and unusual punishment); *Simmons*, 944 S.W.2d at 15 (sentence of fifty years' confinement and $5,000 for delivery of cocaine not grossly disproportionate considering the defendant's criminal history). Even assuming that the threshold test for gross disproportionality was met, the remaining elements of the *Solem* cannot be satisfied: "[t]here is no evidence in the appellate record reflecting the sentences imposed on criminals in Texas or other jurisdictions who committed a similar offense; therefore, we may not engage in a comparative evaluation." *Jacobs*, 80 S.W.3d at 633 (citing *Simmons*, 944 S.W.2d at 15).

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's alleged issues and affirm the judgment of the 241st District Court of Smith County, Texas, in the above-captioned cause.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #:  24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office:  (903) 590-1720
Fax:  (903) 590-1719 (fax)
arediker@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,082 words as calculated by Microsoft Word 2013.

/s/ Aaron Rediker
Aaron Rediker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of August 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to J. Brandt Thorson, attorney for appellant, at jbt@jbtfirm.com.

/s/ Aaron Rediker
Aaron Rediker