

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00078-CR

_____


JOHN AARON BURNEY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 369th District Court
Anderson County, Texas
Trial Court No. 369CR-18-33718


Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

John Aaron Burney, Jr., pled guilty to nine counts of possession of child pornography.[1] The jury recommended a sentence of ten years' imprisonment for one count and sentences of two years' confinement for the remaining eight counts.[2] The trial court assessed punishment in accordance with the jury's recommendations and then ordered the sentences run consecutively.[3] Burney argues that the sentences are cruel and unusual and prohibited by the United States Constitution. *See* U.S. CONST. amend. VIII. We find no error in the trial court's sentences. We affirm the trial court's judgment and sentences.[4]

## I. Proceedings at the Trial Court

Burney entered an open plea of guilty to all nine counts of possession of child pornography. The State presented one witness, Sergeant David Szyperski of the Texas Attorney General's Digital Forensics Unit. Szyperski explained how he conducts digital forensic investigations and that using those methods, he found several images of child pornography on Burney's cell phone. The State then rested.

Burney then presented testimony from eighteen family members, family friends, and his employer. These witnesses attested to Burney's fine character, his industriousness and habit of

---

[1]*See* TEX. PENAL CODE ANN. § 43.26.

[2]The jury also recommended a $5,000.00 fine for Count 1, and $1,000.00 fines on the remaining eight counts.

[3]*See* TEX. PENAL CODE ANN. § 3.03 (Supp.).

[4]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

helping people, that he is a good family man, and that he is an admirable person at home and in the community. Several of the witnesses testified that they felt sure Burney could successfully complete community supervision.

Burney then testified that he was not proficient with cell phone technology. He stated that he clicked a link inviting him to some kind of group and from there, he speculated, the illegal images were saved to his cell phone.[5] He assured the jury that he had never intentionally sought out child pornography. Burney claimed that the circumstances leading to his prosecution were a "misunderstanding." Yet, he explained that because the images were on his cell phone, and because he hit the link that allowed the images to be placed there, he had pled guilty and had accepted responsibility for possessing the images.[6]

## II. Standard of Review

The Eighth Amendment to the United States Constitution requires that a criminal sentence be proportionate to the crime for which a defendant has been convicted. *Solem v. Helm*, 463 U.S. 277, 290 (1983). "An allegation of disproportionate punishment is a valid legal claim. The concept of proportionality is embodied in the Constitution's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing U.S. CONST. amend. VIII). Yet, "this is a narrow principle that does not require strict proportionality between the crime and the sentence." *Id*.

---

[5]Burney told the jury, "I truly believe in my heart if I would not have hit that link, I wouldn't be here today."

[6]Szyperski testified that it was "highly unlikely" the pornographic images of children on Burney's phone would simply arrive and download to the phone simply by clicking on a web browser link. Szyperski pointed to photographs from Burney's wedding and adult pornographic images also on the phone. "[H]ow did the wedding pictures show up there [on the phone], unless those wedding pictures were on a porn site. I wouldn't think that they were."

(citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). This principle is "applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin*, 501 U.S. at 1001).

The *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the United States Supreme Court's decision in *Harmelin* to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992); *Contreras v. State*, 369 S.W.3d 689, 690 (Tex. App.—Tyler 2012, no pet.); *see also Davis v. State*, 125 S.W.3d 734, 736 (Tex. App.—Texarkana 2003, no pet.) (holding that when reviewing a claim that a sentence is constitutionally disproportionate, a court "initially make[s] a threshold comparison of the gravity of the offense against the severity of the sentence, and then consider[s] whether the sentence is grossly disproportionate to the offense") (citing *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.)).

> To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses.

*Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). Generally, where an assessed sentence is within the prescribed punishment range for the offense of conviction, the sentence will not be found to be cruel and unusual. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Simpson*, 488 S.W.3d at 323 (where the Texas Court of Criminal Appeals held that it "has traditionally held that punishment assessed within the statutory limits, including punishment enhanced pursuant to an habitual-offender statute, is not excessive, cruel, or unusual").

4

Only if we find a sentence to be grossly disproportionate to the offense do we then "compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *McGruder*, 954 F.2d at 316;[7] *Alberto v. State*, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.) (citing *Solem*, 463 U.S. at 292). Moreover, this protection is subject to waiver if the accused does not timely object in the trial court. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Likewise, a failure to object to a trial court's cumulation of sentences is waived if not urged to the trial court. *Ex parte McJunkins*, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997).

## III.   Analysis

The nine counts of child pornography to which Burney pled guilty were third-degree felonies, each punishable by not less than two, or more than ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.34. Yet, because Burney had not previously been convicted of a felony, he was eligible for a probated sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.055. The jury recommended one count be punished by ten years' incarceration, the maximum available sentence. For the other eight counts, the jury recommended the minimum available sentence of two years' confinement. The jury declined to recommend that Burney's sentences be suspended and that he be placed on community supervision. Before pronouncing sentence, the trial court addressed Burney:

> What you're unable to see and unable to understand, [possession of child pornography]'s not a victimless crime. Children are raped, children are exploited. It is impossible for a child to consent to that type of conduct. . . . You have children

---

[7]Analyzing *Solem* and *Harmelin* in light of the latter's scattered plurality opinion, and concluding "disproportionality survives; *Solem* does not." *McGruder*, 954 F.2d at 316.

that are raped. And because of people like you that access that, proliferate it, look at it, get gratification from it, then it goes a step further. And then we start going to other websites where we try to meet up, we try to get physical contact to satisfy that need.

The United States Supreme Court has held, "Child pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008). "[T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *New York v. Ferber*, 458 U.S. 747, 759 (1982). Other courts have noted, "The existence of and traffic in child pornography creates the potential for many types of harm in the community" and "presents a clear and present danger to all children." *United States v. White*, 506 F.3d 635, 649 (8th Cir. 2007) (Riley, J., concurring in part, dissenting in part) (quoting Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-26 (1996)). And the Texas Court of Criminal Appeals has held that the "integral part of the offense of possession of child pornography" is the harm to each individual child. *Vineyard v. State*, 958 S.W.2d 834, 840 (Tex. Crim. App. 1998) (quoting *Ex parte Crosby*, 703 S.W.2d 683, 685 (Tex. Crim. App. 1986) (orig. proceeding), *overruled on other grounds by Ex parte Hawkins*, 6 S.W.3d 554 (Tex. Crim. App. 1999) (orig. proceeding)).

We cannot say the sentence of ten years' imprisonment and the multiple sentences of two years' confinement, as well as the attendant fines, were grossly disproportionate to the offenses of conviction. Burney's crimes contributed to an extensive network of abuse against society's "most defenseless" members—its children. *Williams*, 553 U.S. at 307. The convictions were for third-degree felonies, and eight of the nine sentences were for the minimum incarceration period allowed. And it is clear from its comments prior to imposing sentence that the trial court was

6

concerned with the danger to the community presented by Burney's offenses. Accordingly, we do not find that these sentences were grossly disproportionate to Burney's conduct.

Finally, Burney complains that the trial court's order to cumulate the sentences was excessive, but he did not preserve this issue for our review. After hearing the jury's recommendations, but before the court pronounced sentence, Burney objected to "unusual and cruel punishment . . . to preserve (inaudible)." After describing the harms emanating from child pornography, the trial court announced, "Counts 1 through 9, that sentence shall run consecutive. When Count 1 is run through, it will go on to Count 2, Count 3, through Count 9, et cetera." Burney did not object to the trial court's cumulation order. In his appellate brief, Burney claims to have filed a motion for new trial, yet, no such motion appears in the record before us, and the Anderson County District Clerk has confirmed that no motion for new trial was filed. Thus, Burney forfeited this issue for appeal. *See* TEX. R. APP. P. 33.1(a)(1) (holding that in order to preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context).

## IV. Conclusion

For all of the foregoing reasons, we find no error in the trial court's sentences. The judgment and sentences are affirmed.


Ralph K. Burgess
Justice

Date Submitted:     September 27, 2019
Date Decided:       October 24, 2019

Do Not Publish